■ MAVIS PARK, Plaintiff, and RASHIDA JOHNSON, Respondent, v ELLISON CHAMPAGNE et al., Defendants, and MARTHA L. MOGRO et al., Appellants. [824 NYS2d 84]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 17, 2005, which denied the motion of defendants-appellants Martha L. Mogro and Gustavo G. Carrera for summary judgment dismissing plaintiff Rashida Johnson's complaint

on the ground that she did not sustain a "serious injury" as defined in Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

On June 15, 2001, plaintiffs Mavis Park and Rashida Johnson were traveling southbound on FDR Drive in Manhattan in a 1998 Ford sedan owned by the New York State Department of Transportation and operated by plaintiff Park. Ms. Johnson was riding in the front passenger seat and wearing a seat belt. The vehicle reduced speed to exit at E. 98th Street, precipitating a series of rear-end collisions. It was struck from behind by a 2001 Toyota sedan owned and operated by Ellison Champagne. His vehicle was in turn struck by a vehicle owned and operated by Angel Medina, and the Medina vehicle was struck by a vehicle owned by appellant Martha L. Mogro and operated by appellant Gustavo Carrera. Finally, appellants' vehicle was struck by a vehicle that left the scene of the accident.

Ms. Johnson did not seek treatment at a hospital after the incident and told a responding police officer that she was uninjured. She was not prevented from continuing her part-time employment or attending college and was never confined to her home. However, six days after the accident, she was seen for neck and back pain by Leo E. Batash, M.D. He conducted a physical examination and referred her to Mark Freilich, M.D., a radiologist, whose reports of June 8, 2002 MRI studies of the cervical and lumbar spine indicate bulging discs at C3-C4, C4-C5 and L2-L3 and herniated discs at C5-C6, C6-C7, L3-L4, L4-L5 and L5-S1. Ms. Johnson received physical therapy until early October 2002 but has not been treated subsequently. She saw Dr. Batash periodically until early January 2003 and was last examined by him in May 2004 at the request of her attorney. The doctor's progress notes include complaints of intermittent pain in the neck and lower back.

Ms. Johnson's bill of particulars alleges cervical and lumbar disc herniations, cervical thoracic and lumbar strains with radiculitis, muscle spasms and restricted motion. At her deposition, while complaining of intermittent back pain from standing too long or holding heavy objects, she stated that there is no activity she has been required to discontinue as a result of the accident.

Appellants interposed this motion to dismiss the complaint in June 2005, including with their papers affirmations from orthopedist Sheldon Manspeizer, M.D. and radiologist Steven L. Mendelsohn, M.D. Dr. Manspeizer performed an examination of

Ms. Johnson in January 2005 and conducted an evaluation of the medical record. His "examination did not demonstrate any objective physical findings to indicate any significant injury to her neck or lower back," and the disc bulging and herniation reported in the June 2002 MRI studies "did not correlate with any significant injury to her neck or lower back." Dr. Mendelsohn conducted an evaluation of the MRI studies in May 2005 and found them to be normal, concluding, "I must take issue with the interpretation provided by Dr. Mark Freilich insofar as I find no evidence of any of the multiple herniations he reports."

The affirmations of Dr. Manspeizer and Dr. Mendelsohn establish appellants' prima facie entitlement to summary dismissal of the complaint. Ms. Johnson's opposing papers, consisting of her deposition testimony and the police accident report, are insufficient to withstand the dismissal motion (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]). Her subjective complaints of pain are insufficient to meet the statutory burden to demonstrate that a serious injury has been sustained (Insurance Law § 5102 [d]; *see Gaddy v Eyler*, 79 NY2d 955, 957-958 [1992]; *Scheer v Koubek*, 70 NY2d 678, 679 [1987]). Even fully crediting the June 2002 MRI studies, they are insufficient, standing alone, to create a triable issue of fact. "Proof of a herniated disc, without additional objective medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (*Pommells v Perez*, 4 NY3d 566, 574 [2005]). The findings have never been correlated to the accident (*Franchini v Palmieri*, 1 NY3d 536, 537 [2003]). Only a single report dated June 21, 2001 by Dr. Batash causally relates the results of an examination to the accident.

A further deficiency in Ms. Johnson's proof is the failure to provide any explanation for the gaps in her treatment. No reason has been provided for the lapse in time between a previous examination performed in January 2003 and the visit to Dr. Batash in May 2004 at counsel's request, the last medical consultation of any kind. The notation made at that time in the margin of the progress notes, "PPD mild to moderate degree of C/L/S spine," does not suffice as proof of permanent partial disability, a diagnosis otherwise absent from the medical history. Such "conclusory assertions tailored to meet statutory requirements . . . are insufficient to rebut defendants' prima facie showing" (*Shaw v Looking Glass Assoc., LP*, 8 AD3d 100, 103 [2004]). Furthermore, the record contains no report of a recent examination that might provide objective medical findings to demonstrate a loss in range of motion (*see Thompson v Abbasi*,

15 AD3d 95, 97 [2005]). Finally, the failure to provide any valid explanation for the cessation of physical therapy in 2002 is fatal to the viability of this personal injury action (*see Pommells*, 4 NY3d at 574 ["the so-called gap in treatment was, in reality, a cessation of all treatment"]). Concur—Tom, J.P., Saxe, Friedman, Catterson and McGuire, JJ.