■ GEORGENIA McCARTHY et al., Respondents, v DOUGLAS THOMAS BELLAMY et al., Appellants. [834 NYS2d 800]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered March 13, 2006 in a personal injury action. The order, insofar as appealed from, denied in part defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Georgenia McCarthy (plaintiff) in a motor vehicle accident on July 29, 2000 when her vehicle collided with a vehicle owned by one defendant and operated by the other. Plaintiffs allege that, as a result of the motor vehicle accident, plaintiff sustained, inter alia, injuries to her cervical spine.

Defendants moved for summary judgment seeking dismissal of the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and Supreme Court granted the motion only in part. We conclude that the court should have granted defendants' motion in its entirety. "[E]ven where there is objective medical proof [of a serious injury], when additional contributory factors interrupt the chain of causation between the accident and claimed injury—such as a gap in treatment, an intervening medical problem or a preexisting condition—summary dismissal of the

complaint may be appropriate" (*Pommells v Perez*, 4 NY3d 566, 572 [2005]). Here, the record establishes that in 1999 plaintiff complained of left-sided neck pain that had persisted for three months, resulting in an X ray showing "minimal spondylosis" and "possible minor cervical degenerative disease." Plaintiffs' failure to acknowledge or address that preexisting condition in opposition to the motion renders the opinion of plaintiffs' expert "speculative" (*Moore v Sarwar*, 29 AD3d 752, 753 [2006]; *see Style v Joseph*, 32 AD3d 212, 214-215 [2006]; *Jimenez v Rojas*, 26 AD3d 256, 257 [2006]; *Clark v Perry*, 21 AD3d 1373 [2005]; *Montgomery v Pena*, 19 AD3d 288, 289-290 [2005]).

We likewise agree with defendants that plaintiffs' failure to explain a 15-month gap in plaintiff's treatment renders summary judgment dismissing the complaint appropriate (*see Black v Regalado*, 36 AD3d 437 [2007]; *Park v Champagne*, 34 AD3d 274, 276 [2006]; *Caracci v Miller*, 34 AD3d 515 [2006]; *see generally Pommells*, 4 NY3d at 574). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.