■ Mark Anania, Sr., Appellant, v Louis Verdgeline, Respondent. [846 NYS2d 831]—

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered May 24, 2006 in a personal

injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle he was driving was rear-ended by a vehicle driven by defendant. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Defendant met his initial burden by submitting numerous records and reports of plaintiff's treating physicians indicating that plaintiff's alleged injuries were related to injuries suffered in two workplace accidents, one that occurred before and one that occurred after the accident at issue herein. "Because defendant submitted 'persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition [and an intervening medical problem], plaintiff had the burden to come forward with evidence addressing defendant's claimed lack of causation' " (*Clark v Perry*, 21 AD3d 1373, 1374 [2005], quoting *Pommells v Perez*, 4 NY3d 566, 580; *see also McCarthy v Bellamy*, 39 AD3d 1166 [2007]), and plaintiff failed to meet that burden. Plaintiff's submissions in opposition to the motion did not "adequately address how plaintiff's current medical problems, in light of [plaintiff's] past medical history, are causally related to the subject accident" (*Style v Joseph*, 32 AD3d 212, 214 [2006]). Although plaintiff's orthopedic surgeon stated that plaintiff's right carpal tunnel syndrome and resulting surgery approximately four years after the accident at issue herein were causally related to the accident, that surgeon's opinion was not supported by the requisite " 'competent medical evidence based upon objective medical findings and diagnostic tests' " (*Yoonessi v Givens*, 39 AD3d 1164, 1165 [2007]). Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.