■ LOWE's HOME CENTERS, INC., Plaintiff, v BEACHY's EQUIPMENT COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. ANTHONY JAMES BECHY, Third-Party Defendant-Appellant. [854 NYS2d 616]—

Memorandum: Plaintiff commenced this action for conversion in September 2005 alleging that defendant and third-party plaintiff (defendant) was in possession of 16 pieces of plaintiff's

equipment that were delivered to it for repair in 2003 and were never returned to plaintiff. In 2003 defendant was owned by third-party defendant, Anthony James Bechy, but in April 2004 Richard and Marybeth Petrell purchased 90% of the shares of defendant from Bechy pursuant to a share purchase agreement (Agreement). Defendant commenced a third-party action against Bechy in July 2006 and, after Supreme Court granted plaintiff's motion for summary judgment on the complaint, defendant moved for partial summary judgment on the first and fourth causes of action in the amended third-party complaint. Those causes of action sought, respectively, indemnification for defendant's liability to plaintiff and damages based on Bechy's alleged conversion of a tractor owned by defendant. We conclude that the court properly granted defendant's motion. We note at the outset, however, that the order from which the appeal was taken was subsumed in the judgment (*see Matter of Amherst Med. Park, Inc. v Amherst Orthopedics, P.C.*, 31 AD3d 1131, 1132 [2006]). Nevertheless, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]).

With respect to the first cause of action, defendant met its initial burden by establishing that Bechy breached the Agreement by failing to disclose to the Petrells that defendant had an obligation to plaintiff based on its status as a bailee with respect to the pieces of equipment at the time that the Petrells and Bechy entered into the Agreement (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition to the motion, Bechy did not dispute that defendant had such an obligation and thus failed to raise a triable issue of fact (*see generally id.*). We reject the contention of Bechy that he did not breach the Agreement inasmuch as the Petrells were in fact aware of defendant's obligation to plaintiff. Bechy stated in the Agreement that defendant had no debts, liabilities, or obligations except as otherwise disclosed in the Agreement or on the most recent company balance sheet. There is no provision in the Agreement permitting Bechy to provide oral notification of an outstanding liability or obligation, and Bechy may not introduce parol evidence to add to the terms of the Agreement (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Bechy's further contention that defendant did not meet its initial burden because it failed to submit certain documents is improperly raised for the first time on appeal. "An issue may not be raised for the first time on appeal . . . where[, as here,] it 'could have been obviated or cured by factual showings or legal countersteps' in the trial court" (*Oram v Capone*, 206

AD2d 839, 840 [1994], quoting *Telaro v Telaro*, 25 NY2d 433, 439 [1969], *rearg denied* 26 NY2d 751 [1970]; *see Bingham v New York City Tr. Auth.*, 99 NY2d 355, 359 [2003]).

With respect to the fourth cause of action, defendant met its initial burden by establishing that Bechy converted a tractor owned by defendant for his own use, and Bechy failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.