■ KIMBERLY A. SMITH et al., Respondents, v CARRIE EMMA BESANCENEY, Appellant. [877 NYS2d 538]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered June 5, 2008 in a personal injury action. The order, insofar as appealed from, denied in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Kimberly A. Smith (plaintiff) when the vehicle she was operating was rear-ended by a vehicle owned and operated by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted the motion with respect to the permanent loss of use and 90/180 categories of serious injury and denied the motion with respect to the permanent consequential limitation of use and significant limitation of use categories. We conclude that the court should have granted the motion in its entirety.

At the outset, we conclude that defendant's contention concerning the failure of plaintiffs to allege in their bill of particulars that plaintiff suffered a serious injury under the permanent consequential limitation of use category is not properly before us. Defendant failed to challenge the sufficiency of the bill of particulars, and "[a]n issue may not be raised for the first time on appeal . . . where it 'could have been obviated or cured by factual showings or legal countersteps' in the trial court" (*Oram v Capone*, 206 AD2d 839, 840 [1994], quoting *Telaro v Telaro*, 25 NY2d 433, 439 [1969], *rearg denied* 26 NY2d

751 [1970]; *see Lowe's Home Ctrs., Inc. v Beachy's Equip. Co., Inc.*, 49 AD3d 1213, 1214-1215 [2008], *lv denied* 10 NY3d 715 [2008]). Here, plaintiffs could have cured that alleged deficiency by moving for leave to amend the bill of particulars.

We further conclude that defendant met her burden of establishing that plaintiff's alleged psychological injury does not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use category. Although " 'a causally-related emotional injury, alone or in combination with a physical injury, can constitute a serious injury' " (*Brandt-Miller v McArdle*, 21 AD3d 1152, 1153 [2005]; *see Taranto v McCaffrey*, 40 AD3d 626, 627 [2007]; *see also Cushing v Seemann*, 247 AD2d 891, 892 [1998]), defendant nevertheless met her burden with respect to plaintiff's alleged psychological injury by submitting, inter alia, the affirmation and the report of the physician who examined plaintiff at defendant's request (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition to the motion, plaintiffs submitted the affirmations of two of plaintiff's treating physicians that failed to set forth the manner in which plaintiff's alleged psychological injury was related to the accident (*see Kristel v Mitchell*, 270 AD2d 598, 599 [2000]; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]).

We reach the same conclusion with respect to plaintiff's alleged physical injuries under the permanent consequential limitation of use and significant limitation of use categories. "For [those] two statutory categories, [the Court of Appeals has] held that [w]hether a limitation of use or function is significant or consequential (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Toure*, 98 NY2d at 353 [internal quotation marks omitted]; *see Beaton v Jones*, 50 AD3d 1500, 1501 [2008]). Defendant met her initial burden with respect to those two categories. In opposition to the motion, plaintiffs submitted only one physician's affirmation that contained a substantive discussion of plaintiff's alleged physical injuries sustained in the accident. Although that physician set forth certain objective findings, including a quantification of plaintiff's loss of range of thoracic motion and the positive Tinel's sign in plaintiff's left wrist (*see Moore v Gawel*, 37 AD3d 1158 [2007]; *Mancuso v Collins*, 32 AD3d 1325 [2006]; *Jones v Fraser*, 265 AD2d 773, 774-775 [1999]; *Booker v Miller*, 258 AD2d 783, 784-785 [1999]), he failed to address the manner in

which plaintiff's physical injuries were causally related to the accident in light of the past medical history of plaintiff, including the two motor vehicle accidents in which she had been involved prior to the accident in question, as well as a subsequent minor collision (*see Anania v Verdgeline*, 45 AD3d 1473 [2007]; *McCarthy v Bellamy*, 39 AD3d 1166 [2007]). Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.