■ RONALD SPANOS et al., Respondents, v MICHAEL R. FANTO et al., Appellants. [879 NYS2d 878]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered August 8, 2008 in a personal injury action. The order denied the motion of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Ronald Spanos (plaintiff) when he was struck by a vehicle owned by one defendant and

operated by the other defendant. Supreme Court erred in denying defendants' motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the accident (*see* Insurance Law § 5102 [d]). Defendants met their initial burden by submitting medical records and reports constituting "persuasive evidence that plaintiff's alleged pain and injuries were related to . . . preexisting condition[s]" (*Pommells v Perez*, 4 NY3d 566, 580 [2005]; *see Valentin v Pomilla*, 59 AD3d 184, 186 [2009]; *Clark v Perry*, 21 AD3d 1373, 1374 [2005]), and plaintiffs failed to raise a triable issue of fact whether plaintiff's alleged pain and injuries were causally related to the subject accident rather than those preexisting conditions (*see Valentin*, 59 AD3d at 186; *Coston v McGray*, 49 AD3d 934, 935 [2008]; *Anania v Verdgeline*, 45 AD3d 1473 [2007]). The conclusory statement of the examining physician for defendants that plaintiff's complaints of "right hip and leg pain with minimal complaints of low back pain . . . are causally related to [the accident]" is insufficient to raise a triable issue of fact, particularly in view of the further statement of that physician that he found no objective evidence that plaintiff sustained an injury in the accident (*see Dantini v Cuffie*, 59 AD3d 490, 491 [2009]; *Eastman v Holland*, 19 AD3d 444 [2005]). Finally, we note that, although plaintiffs are correct that they generally would be entitled to recover for economic loss in excess of basic economic loss without proof of serious injury (*see generally Colvin v Slawoniewski*, 15 AD3d 900 [2005]), they made no claim for such loss in this case (*cf. Barnes v Kociszewski*, 4 AD3d 824, 825 [2004]). Present—Centra, J.P., Peradotto, Green, Pine and Gorski, JJ.