■ THOMAS G. MOTT, JR., Respondent, v STRONGBUILT, INC., Defendant, and BASS PRO OUTDOOR WORLD, LLC, Appellant. [913 NYS2d 610]—Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered December 10, 2009 in a personal injury action. The order granted the motion of plaintiff for severance and denied the cross motion of defendant Bass Pro Outdoor World, LLC for a stay of all proceedings.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant Bass Pro Outdoor World, LLC (Bass Pro) appeals from an order that, inter alia, granted the motion of plaintiff to sever the instant action against defendant Strongbuilt, Inc. pursuant to CPLR 603. The sole contention of Bass Pro on appeal is that the order eviscerated its rights under CPLR article 16 to apportionment of liability because Supreme Court imposed no conditions in granting the severance motion. Bass Pro therefore contends that the order should be reversed or, in the alternative, modified to preserve its rights under CPLR article 16 (*see generally Kharmah v Metropolitan Chiropractic Ctr.*, 288 AD2d 94 [2001]). Bass Pro raises that contention for the first time on appeal, however, and "[i]t is well settled that '[a]n appellate court should not, and will not, consider different theories or new questions [where, as here], . . . proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance' " (*Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]; *see Lowe's Home Ctrs., Inc. v Beachy's Equip. Co., Inc.*, 49 AD3d 1213, 1214-1215 [2008], *lv denied* 10 NY3d 715 [2008]). Bass Pro has not raised any of the issues set forth in its papers before the court in opposition to plaintiff's motion for severance, and we therefore deem those issues abandoned (*see Ciesinski*, 202 AD2d at 984). Present—Centra, J.P., Lindley, Sconiers, Green and Gorski, JJ.