# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1297

CA 11-01246

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THERESA OVERHOFF AND DEAN OVERHOFF,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

SUNTA PERFETTO, DEFENDANT-APPELLANT.

---

BURGIO, KITA & CURVIN, BUFFALO (JAMES P. BURGIO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (HOWARD E. BERGER OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered June 7, 2011 in a personal injury action. The order denied defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Theresa Overhoff (plaintiff) when a vehicle operated by defendant collided with a vehicle driven by plaintiff. Supreme Court erred in denying defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Defendant met her initial burden on the motion "by submitting medical records and reports constituting 'persuasive evidence that plaintiff's alleged pain and injuries were related to . . . preexisting condition[s]' " rather than the instant accident (*Spanos v Fanto*, 63 AD3d 1665, 1666). In particular, defendant submitted the report of a physician who reviewed plaintiff's medical records and conducted a medical examination of plaintiff on defendant's behalf. The physician opined that plaintiff did not sustain a serious injury in the accident at issue, that imaging studies of plaintiff's spine performed prior to and subsequent to the instant accident were "essentially the same," and that plaintiff had no functional disability or limitations causally related to the instant accident. The burden thus shifted to plaintiffs "to come forward with evidence addressing defendant's claimed lack of causation" (*Pommells v Perez*, 4 NY3d 566, 580). Plaintiffs, however, failed to meet that burden inasmuch as their submissions in opposition to the motion "failed to address the manner in which plaintiff's

physical injuries were causally related to the accident in light of [her] past medical history" (*Smith v Besanceney*, 61 AD3d 1336, 1337-1338).  In addition, the physician who examined plaintiff at the request of her attorney failed to refute the opinion of defendant's expert that plaintiff did not sustain a functional disability or limitation related to the accident by, for example, comparing plaintiff's pre- and post-accident range of motion restrictions in her neck or back or assessing her pre- and post-accident qualitative limitations (*see Jaromin v Northrup*, 39 AD3d 1264, 1265).

Entered:  February 10, 2012                    Frances E. Cafarell
                                               Clerk of the Court