# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

895
CA 12-00611
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

DENNIS VERKEY, PLAINTIFF-RESPONDENT-APPELLANT,

V                                    MEMORANDUM AND ORDER

ROY F. HEBARD, JR. AND ROY W. HEBARD,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

HAGELIN KENT, LLC, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

WILLIAM K. MATTAR, P.C., WILLIAMSVILLE (APRIL J. ORLOWSKI OF COUNSEL),
FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered July 26, 2011 in a personal injury action. The order denied the motion of defendants for summary judgment on the issue of serious injury, denied that part of plaintiff's cross motion seeking summary judgment on the issue of serious injury and granted that part of plaintiff's cross motion seeking summary judgment on the issue of negligence.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's cross motion for partial summary judgment in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when a vehicle owned by defendant Roy F. Hebard, Jr. and driven by defendant Roy W. Hebard collided with a vehicle driven by plaintiff. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of the three categories of Insurance Law § 5102 (d) alleged in the complaint, as amplified by plaintiff's bill of particulars, i.e., the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of serious injury. Plaintiff cross-moved for partial summary judgment on liability, i.e., on the issues of negligence and serious injury (*see generally Ruzycki v Baker*, 301 AD2d 48, 51-52).

Addressing first the issue of negligence, we conclude that Supreme Court erred in granting that part of plaintiff's cross motion with respect to that issue. We therefore modify the order accordingly. Although plaintiff met his initial burden by establishing " 'that the sole proximate cause of the accident was

[defendant driver's] failure to yield the right of way' to plaintiff" (*Guadagno v Norward*, 43 AD3d 1432, 1433; *see Kelsey v Degan*, 266 AD2d 843, 843), defendants raised a triable issue of fact by presenting evidence that the collision was head-on and that defendant driver was stopped in his lane of travel at the time of the collision (*see Phillips v Bartholomew*, 20 AD3d 920, 921-922; *see generally S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341).  Contrary to plaintiff's contention, the fact that defendant driver entered a plea of guilty to a Vehicle and Traffic Law offense is only some evidence of negligence and does not establish his negligence per se (*see Kelley v Kronenberg* [appeal No. 2], 2 AD3d 1406, 1407; *Canfield v Giles* [appeal No. 1], 182 AD2d 1075, 1075).

The court properly denied both defendants' motion and that part of plaintiff's cross motion for summary judgment on the issue of serious injury.  We note at the outset that plaintiff's contention that his injury constitutes a permanent loss of use under Insurance Law § 5102 (d) is not properly before us inasmuch as it is raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

We conclude that there are issues of fact on the record before us with respect to the categories of permanent consequential limitation of use and significant limitation of use, based on the conflicting expert opinions submitted by the parties (*see Cooper v City of Rochester*, 16 AD3d 1117, 1118).  Notably, we reject defendants' contention that the affirmed report of their retained physician established that plaintiff's injury was related to a preexisting condition and thus that, as a matter of law, it was not causally related to the instant accident (*see generally Spanos v Fanto*, 63 AD3d 1665, 1666).  Here, although plaintiff had a preexisting degenerative disc disease as noted on a CT scan taken on the day of the accident and an MRI taken one month later, that condition was, by all accounts, asymptomatic at the time of the accident.  It is well settled that the aggravation of an asymptomatic condition can constitute a serious injury (*see Austin v Rent A Ctr. E., Inc.*, 90 AD3d 1542, 1543; *Terwilliger v Knickerbocker*, 81 AD3d 1350, 1351).  Moreover, the existence of an asymptomatic condition predating an accident merely indicates a plaintiff's susceptibility to injury; it does not constitute proof that a plaintiff did not sustain a serious injury in the subject accident (*see Feaster v Boulabat*, 77 AD3d 440, 440-441).  We further conclude that both defendants and plaintiff failed to meet their initial burden on the 90/180-day category (*see Hedgecock v Pedro*, 93 AD3d 1143, 1143) and that, in any event, there is a triable issue of fact with respect to that category (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  October 5, 2012                    Frances E. Cafarell
                                             Clerk of the Court