# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

352

CA 12-01607

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

MELISSA KWITEK AND ROBERT KWITEK, JR.,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

FRANCES SEIER AND JUNE YOUNG,
DEFENDANTS-APPELLANTS.

---

HAGELIN KENT LLC, BUFFALO (VICTOR M. WRIGHT OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

ANDREWS, BERNSTEIN & MARANTO, LLP, BUFFALO (KENNETH SZYSZKOWSKI OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered May 11, 2012 in a personal injury action. The order, insofar as appealed from, denied in part defendants' motion for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Melissa Kwitek (plaintiff) in a motor vehicle accident on April 28, 2007, when the vehicle in which she was a passenger was rear-ended by a vehicle owned by one defendant and operated by the other. Plaintiffs allege that, as a result of the motor vehicle accident, plaintiff sustained, inter alia, injuries to her cervical and lumbar spine under the permanent loss of use, permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of serious injury as defined in Insurance Law § 5102 (d). Defendants moved for summary judgment seeking dismissal of the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of those categories, and Supreme Court granted the motion only with respect to the permanent loss of use category. We agree with defendants that the court should have granted the motion in its entirety.

"[E]ven where there is objective medical proof [of a serious injury], when additional contributory factors interrupt the chain of causation between the accident and claimed injury—such as a gap in treatment, an intervening medical problem or a preexisting condition—summary dismissal of the complaint may be appropriate"

(*Pommells v Perez*, 4 NY3d 566, 572). Here, defendants met their initial burden on the motion with respect to the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories by offering "persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition" (*Carrasco v Mendez*, 4 NY3d 566, 580). Defendants submitted plaintiff's deposition testimony which established that plaintiff has a history of incidents involving her neck and lower back pre-dating the subject accident, including a 1995 incident in which she injured her lower back by lifting her then-seven-year-old brother; a 2000 motor vehicle accident; and a 2005 motor vehicle accident. Plaintiff treated with a chiropractor for those complaints from 1995 until the date of the accident. Defendants also submitted the affirmed report of a neurosurgeon who examined plaintiff, reviewed her medical records, and concluded that the only objective medical findings with respect to any alleged injury related to a preexisting degenerative condition of the lumbosacral spine (*see Hartman-Jweid v Overbaugh*, 70 AD3d 1399, 1400; *see also Lauffer v Macey*, 74 AD3d 1826, 1827; *Clark v Perry*, 21 AD3d 1373, 1374). The neurosurgeon reviewed plaintiff's postaccident MRIs and concluded that the MRI of her cervical spine was "normal" and that, although the MRI of her lumbar spine showed a "small disc herniation at L5-S1," the herniation was not related to the subject accident. Rather, he concluded that plaintiff's lumbar spine showed "signs of chronic long standing changes consistent with her [pre]existing complaints of back pain." Based upon his physical examination of plaintiff and review of plaintiff's medical records, the neurosurgeon concluded that plaintiff suffered only a "very mild flare up of myofascial pain, musculoskeletal strain from a well documented [pre]existing condition."

Plaintiffs' submissions in opposition to the motion with respect to those three categories did "not 'adequately address how plaintiff's current medical problems, in light of [plaintiff's] past medical history, are causally related to the subject accident' " (*Anania v Verdgeline*, 45 AD3d 1473, 1474; *see Overhoff v Perfetto*, 92 AD3d 1255, 1256, *lv denied* 19 NY3d 804). Plaintiffs submitted the affidavit of plaintiff's treating chiropractor, who acknowledged that "there is some degeneration present on [plaintiff]'s lumbar spine MRI film," but concluded that "the disc herniation . . . is an acute finding and is causally related to her motor vehicle accident of April 28, 2007." The chiropractor, however, did not begin treating plaintiff until approximately seven months after the accident and did not review plaintiff's pre-accident medical records. Rather, the chiropractor's opinion appears to be based, at least in part, on plaintiff's self-reported history that her neck and lower back complaints leading up to the subject accident were "very mild in nature," and that she had "fully recovered" prior to the accident. That characterization of plaintiff's preexisting condition, however, is belied by the record, which establishes that plaintiff complained of neck and lower back pain less than two weeks prior to the subject accident. Inasmuch as the chiropractor did not review plaintiff's pre-accident medical records relative to her neck and lower back complaints, we conclude that his opinion that the subject motor vehicle accident was the competent producing cause of plaintiff's condition is purely

speculative and thus insufficient to raise an issue of fact as to causation (*see McCarthy v Bellamy*, 39 AD3d 1166, 1167; *see also Carrasco*, 4 NY3d at 579-580; *Hartman-Jweid*, 70 AD3d at 1400; *Spanos v Fanto*, 63 AD3d 1665; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

All concur except WHALEN, J., who dissents and votes to affirm in the following Memorandum:  I respectfully disagree with the majority's conclusion that Supreme Court should have granted defendants' motion for summary judgment in its entirety, and I therefore dissent.  "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *see Zuckerman v City of New York*, 49 NY2d 557, 562).  "Once [that] showing has been made . . . , the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).  Contrary to the view of the majority, I conclude that defendants did not meet their burden of establishing on their motion that Melissa Kwitek (plaintiff) was able to perform "substantially all" of her usual activities during no less than 90 days of the 180 days immediately following the accident, inasmuch as they failed to establish what plaintiff's "usual and customary daily activities" were before and after the accident, and thus failed to shift the burden to plaintiffs with respect to that category of serious injury (*Paolini v Sienkiewicz*, 262 AD2d 1020, 1020; *see* Insurance Law § 5102 [d]).  Defendants established that plaintiff had been able to return to work during the relevant time frame but that, by itself, does not constitute all of her usual and customary daily activities.  Consequently, defendants were not entitled to summary judgment with respect to the 90/180-day category.

I further disagree with the majority's conclusion that plaintiffs' submissions in opposition to the motion with respect to the categories of permanent consequential limitation of use and significant limitation of use did not adequately address how plaintiff's current medical problems, in light of her past medical history, are causally related to the subject accident.  In my view, the majority's reliance on *Anania v Verdgeline* (45 AD3d 1473, 1474) and *Overhoff v Perfetto* (92 AD3d 1255, 1256, *lv denied* 19 NY3d 804) is misplaced.  In both of those cases, pre-accident imaging studies revealed preexisting injuries, and those imaging studies were available to medical providers as a basis for comparison to postaccident imaging studies.  In the case before us, there are no pre-accident imaging studies, nor is there a specific pre-accident diagnosis of a preexisting injury apart from plaintiff's general complaints of neck and lower back pain prior to the subject accident.  Plaintiffs' expert averred that he was informed of plaintiff's pre-accident injuries and that he had reviewed and specifically disagreed with the opinion of defendants' expert that plaintiff's disc pathology is degenerative.  In my view, the conflicting expert opinions on that issue are sufficient to raise a question of fact with respect to the

categories of permanent consequential limitation of use and significant limitation of use (*see Verkey v Hebard*, 99 AD3d 1205, 1206).  I would therefore affirm the order.

Entered:  April 26, 2013                          Frances E. Cafarell
                                                   Clerk of the Court