Whalen, J.
(dissenting). I respectfully disagree with the majority’s conclusion that Supreme Court should have granted defendants’ motion for summary judgment in its entirety, and I therefore dissent. “The proponent of a summary judgment motion must make a prima facie showing of entitlement to judg *1422 ment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). “Once [that] showing has been made . . . , the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Contrary to the view of the majority, I conclude that defendants did not meet their burden of establishing on their motion that Melissa Kwitek (plaintiff) was able to perform “substantially all” of her usual activities during no less than 90 days of the 180 days immediately following the accident, inasmuch as they failed to establish what plaintiffs “usual and customary daily activities” were before and after the accident, and thus failed to shift the burden to plaintiffs with respect to that category of serious injury (Paolini v Sienkiewicz, 262 AD2d 1020, 1020 [1999]; see Insurance Law § 5102 [d]). Defendants established that plaintiff had been able to return to work during the relevant time frame but that, by itself, does not constitute all of her usual and customary daily activities. Consequently, defendants were not entitled to summary judgment with respect to the 90/180-day category.
I further disagree with the majority’s conclusion that plaintiffs’ submissions in opposition to the motion with respect to the categories of permanent consequential limitation of use and significant limitation of use did not adequately address how plaintiffs current medical problems, in light of her past medical history, are causally related to the subject accident. In my view, the majority’s reliance on Anania v Verdgeline (45 AD3d 1473, 1474 [2007]) and Overhoff v Perfetto (92 AD3d 1255, 1256 [2012], lv denied 19 NY3d 804 [2012]) is misplaced. In both of those cases, pre-accident imaging studies revealed preexisting injuries, and those imaging studies were available to medical providers as a basis for comparison to postaccident imaging studies. In the case before us, there are no pre-accident imaging studies, nor is there a specific pre-accident diagnosis of a preexisting injury apart from plaintiffs general complaints of neck and lower back pain prior to the subject accident. Plaintiffs’ expert averred that he was informed of plaintiff’s pre-accident injuries and that he had reviewed and specifically disagreed with the opinion of defendants’ expert that plaintiffs disc pathology is degenerative. In my view, the conflicting expert opinions on that issue are sufficient to raise a question of fact with respect to the categories of permanent consequential *1423 limitation of use and significant limitation of use (see Verkey v Hebard, 99 AD3d 1205, 1206 [2012]). I would therefore affirm the order.
Present—Smith, J.E, Peradotto, Lindley, Valentino and Whalen, JJ.