Smith v State Farm Mut. Auto. Ins. Co. (2019 NY Slip Op 07179)





Smith v State Farm Mut. Auto. Ins. Co.


2019 NY Slip Op 07179


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


878 CA 18-02291

[*1]COURTNEY L. SMITH, PLAINTIFF-RESPONDENT,
v
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, CHRISTINA PUGH, AND RONALD W. PUGH, JR., DEFENDANTS-APPELLANTS. 






BARTH SULLIVAN BEHR, BUFFALO (DOMINIC M. CHIMERA OF COUNSEL), FOR DEFENDANT-APPELLANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
LAW OFFICE OF VICTOR M. WRIGHT, ORCHARD PARK (VICTOR M. WRIGHT OF COUNSEL), FOR DEFENDANTS-APPELLANTS CHRISTINA PUGH AND RONALD W. PUGH, JR.
THE DIETRICH LAW FIRM, PC, WILLIAMSVILLE (BRIAN R. WOOD OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeals from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered November 16, 2018. The order, insofar as appealed from, denied in part the motion of defendants Christina Pugh and Ronald W. Pugh, Jr., and the cross motion of defendant State Farm Mutual Automobile Insurance Company for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the cross motion of defendant State Farm Mutual Automobile Insurance Company for summary judgment dismissing the complaint against it insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury under the permanent consequential limitation of use category of serious injury within the meaning of Insurance Law § 5102 (d) and granting the motion of defendants Christina Pugh and Ronald W. Pugh, Jr. in its entirety and dismissing the complaint against them and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained in two separate motor vehicle accidents. On March 3, 2016, a vehicle driven by plaintiff, who had supplemental uninsured/underinsured motorist coverage under a policy issued by defendant State Farm Mutual Automobile Insurance Company (State Farm), was rear-ended during a four-vehicle accident on an expressway. On April 21, 2016, plaintiff was involved in another accident when the vehicle in which she was a passenger was rear-ended while stopped at a red light by a vehicle allegedly operated by defendant Christina Pugh and owned by defendant Ronald W. Pugh, Jr. (Pughs). The Pughs moved and State Farm cross-moved for summary judgment dismissing the complaint against them on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the respective accidents. As relevant on appeal, Supreme Court denied the motion and cross motion in part with respect to the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of serious injury. State Farm and the Pughs each appeal.
Contrary to State Farm's contention, we conclude that the court properly denied its cross motion with respect to the significant limitation of use category inasmuch as State Farm's own submissions contain conflicting medical evidence on the issue whether plaintiff sustained a serious injury under that category as a result of the first accident (see Lake v Safeco Ins. Co. of [*2]Am., 147 AD3d 1407, 1408 [4th Dept 2017]; Aleksiejuk v Pell, 300 AD2d 1066, 1066-1067 [4th Dept 2002]). Contrary to State Farm's further contention, we also conclude that it failed to meet its burden with respect to the 90/180-day category inasmuch as its own submissions raise triable issues of fact with respect to that category (see Jackson v City of Buffalo, 155 AD3d 1522, 1523-1524 [4th Dept 2017]; Summers v Spada, 109 AD3d 1192, 1193 [4th Dept 2013]; Zeigler v Ramadhan, 5 AD3d 1080, 1081 [4th Dept 2004]).
We agree with State Farm, however, that the court erred in denying its cross motion with respect to the permanent consequential limitation of use category. We therefore modify the order accordingly. State Farm met its initial burden by submitting evidence establishing as a matter of law that plaintiff did not sustain a serious injury under that category (see Kracker v O'Connor, 158 AD3d 1324, 1325 [4th Dept 2018]), and plaintiff failed to raise a triable issue of fact inasmuch as the assertion in the affidavit of her spine surgeon that plaintiff sustained a 25% permanent consequential limitation of use of her lower back was conclusory and unsupported by objective medical evidence (see Arrowood v Lowinger, 294 AD2d 315, 316 [1st Dept 2002]; Sorriento v Daddario, 282 AD2d 957, 958 [3d Dept 2001]).
We also agree with the Pughs that the court should have granted their motion in its entirety. We therefore further modify the order accordingly. The Pughs met their initial burden on the motion by submitting "persuasive evidence that plaintiff's alleged pain and injuries were related to . . . preexisting condition[s]" rather than the second accident (Carrasco v Mendez, 4 NY3d 566, 580 [2005]; see Kwitek v Seier, 105 AD3d 1419, 1420 [4th Dept 2013]; Overhoff v Perfetto, 92 AD3d 1255, 1256 [4th Dept 2012], lv denied 19 NY3d 804 [2012]), and plaintiff's submissions in opposition to the motion "did not adequately address how plaintiff's current medical problems, in light of [plaintiff's] past medical history, are causally related to the [second] accident" (Kwitek, 105 AD3d at 1421 [internal quotation marks omitted]; see Overhoff, 92 AD3d at 1256; Spanos v Fanto, 63 AD3d
1665, 1666 [4th Dept 2009]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court