Depczynski v Schuster (2021 NY Slip Op 04421)





Depczynski v Schuster


2021 NY Slip Op 04421


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


42 CA 20-00733

[*1]KELLY DEPCZYNSKI, PLAINTIFF-RESPONDENT,
v
TOM SCHUSTER AND SCHUSTER CONSTRUCTION, LLC, DEFENDANTS-APPELLANTS. 






DAVID W. POLAK ATTORNEY AT LAW, P.C., WEST SENECA (DAVID W. POLAK OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
ROBERT E. WEIG, LANCASTER, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered December 16, 2019. The order, among other things, granted plaintiff's motion for summary judgment and denied defendants' cross motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action alleging that defendants breached the parties' contract for, inter alia, removal and replacement of plaintiff's front porch by failing to replace an existing porch foundation footer (footer) with one that was set at a depth of 42 inches below grade as required by the New York State Building Code (building code). Plaintiff alleged that she could not move forward with any other aspect of the project until the foundation was removed and reinstalled at a depth complying with the building code. During the course of litigation, the parties entered into a stipulation and settlement agreement pursuant to which they would excavate the area adjacent to the front porch to ascertain whether the footer was placed at the appropriate depth "from grade." All parties were present at the excavation, and all maintained that the excavation revealed that the stipulation and settlement agreement should be enforced in their favor. Defendants now appeal from an order that, inter alia, granted plaintiff's motion for summary judgment enforcing the stipulation and settlement agreement in her favor and denied defendants' cross motion insofar as it sought enforcement of the stipulation and settlement agreement in their favor. We affirm.
We conclude that Supreme Court properly determined that plaintiff met her initial burden on her motion by submitting the affidavits of four experts who personally observed and measured the excavated footer and determined that it was less than 42 inches in depth (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). All four experts, one of whom was the code enforcement officer tasked with approving the project, opined that the footer was not placed at a depth that complied with the building code, thereby establishing that the stipulation and settlement agreement should be enforced in plaintiff's favor.
We further conclude that defendants failed to raise an issue of fact sufficient to defeat the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition to the motion, defendants submitted, inter alia, an affidavit from an expert—a retired town code enforcement official—who opined, based on his review of photographs of the excavated footer, that the footer had been placed at a depth of more than 42 inches and therefore complied with the building code. That affidavit was insufficient to raise a triable issue of fact with respect to the depth of the footer. Although an expert may typically base his or her conclusions on a review of photographs without personally conducting a physical inspection (see Pereira v Quogue Field Club of Quogue, Long Is., 71 AD3d 1104, 1106 [2d Dept 2010]), that rule does not apply where [*2]an expert bases precise measurements solely on photographs without actually measuring the object in question (see Davidson v Sachem Cent. School Dist., 300 AD2d 276, 277 [2d Dept 2002]). In that situation, "there are too many variables for the expert to determine exact measurements of [the footer] from the photographs" (id.). Thus, because it is undisputed that defendants' expert did not personally observe or measure the depth of the footer, we conclude that the court properly determined that defendants did not raise an issue of fact in opposition to the motion.
In light of our determination that the court properly granted plaintiff's motion for summary judgment, defendants' contention that the court erred in denying their cross motion insofar as it sought summary judgment enforcing the stipulation and settlement agreement in their favor is without merit.
Plaintiff's contention that the court should have granted that part of her motion seeking to impose sanctions on defendants under 22 NYCRR 130-1.1 is not properly before us because plaintiff did not cross-appeal from the order insofar as it implicitly denied her request for that relief (see generally CPLR 5515 [1]; Matter of McGraw v Town Bd. of Town of Villenova, 186 AD3d 1014, 1016 [4th Dept 2020]; Webber v Webber, 145 AD3d 1499, 1503 [4th Dept 2016], lv denied 29 NY3d 915 [2017]).
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court