Hollenbeck v Barry (2021 NY Slip Op 06228)





Hollenbeck v Barry


2021 NY Slip Op 06228


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


714 CA 20-00803

[*1]ERIC J. HOLLENBECK, PLAINTIFF-RESPONDENT,
v
BRIAN R. BARRY, AND THE ESTATE OF LINDA L. OLEJNICZAK, DECEASED, DEFENDANTS-APPELLANTS. 






LAW OFFICES OF JENNIFER S. ADAMS, YONKERS (KEVIN J. GRAFF OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LAW OFFICE OF MICHAEL D. HOLLENBECK, BUFFALO (MICHAEL D. HOLLENBECK OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered May 13, 2020. The order, among other things, denied in part the motion of defendants for summary judgment and granted that part of the cross motion of plaintiff seeking summary judgment on the issue of negligence. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he allegedly sustained after the vehicle he was driving was struck by a vehicle driven by defendant Brian R. Barry. Defendants appeal from an order that, inter alia, denied their motion insofar as it sought summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent consequential limitation of use and significant limitation of use categories and granted that part of plaintiff's cross motion seeking summary judgment on the issue of Barry's negligence.
Contrary to defendants' contention, we conclude that Supreme Court properly denied their motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. Even assuming, arguendo, that defendants met their initial burden on the motion by submitting a report from a physician who conducted an independent medical examination of plaintiff, we conclude that plaintiff raised a triable issue of fact with respect to both of those categories by submitting, among other things, the conflicting expert affidavit of his treating physician (see Cline v Code, 175 AD3d 905, 908 [4th Dept 2019]; DaCosta v Gibbs, 139 AD3d 487, 487-488 [1st Dept 2016]; Cook v Peterson, 137 AD3d 1594, 1596, 1598 [4th Dept 2016]). We reject defendants' further contention that they were entitled to summary judgment based on an alleged one-year gap in plaintiff's treatment. Summary judgment may be appropriate " '[e]ven where there is objective medical proof [of a serious injury], when additional contributory factors interrupt the chain of causation between the accident and the claimed injury—such as a gap in treatment, an intervening medical problem or a preexisting condition' " (McCarthy v Bellamy, 39 AD3d 1166, 1166 [4th Dept 2007], quoting Pommells v Perez, 4 NY3d 566, 572 [2005]). In this case, however, "the record fails to establish that plaintiff in fact ceased all therapeutic treatment" during the purported gap (Cook, 137 AD3d at 1597).
Defendants also contend that, inasmuch as there is a triable issue of fact whether plaintiff contributed to the accident, the court erred in granting that part of plaintiff's cross motion with respect to Barry's negligence. We reject that contention. "[A] plaintiff's comparative negligence is no longer a complete defense and its absence need not be pleaded and proved by the plaintiff, [*2]but rather is only relevant to the mitigation of plaintiff's damages" (Rodriguez v City of New York, 31 NY3d 312, 321 [2018]). Thus, "to obtain partial summary judgment on [a] defendant's liability[, a plaintiff] does not have to demonstrate the absence of his [or her] own comparative fault" (id. at 323; see Lowes v Anas, 195 AD3d 1579, 1582 [4th Dept 2021]).
Finally, we note that, inasmuch as plaintiff did not cross-appeal from the court's order, his contention that the court erred in granting defendants' motion with respect to the 90/180-day category of serious injury is not properly before us (see Depczynski v Schuster, 196 AD3d 1105, 1107 [4th Dept 2021]; Salovin v Orange Regional Med. Ctr., 174 AD3d 1191, 1194 [3d Dept 2019]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court