Gonzalez v McCarver (2022 NY Slip Op 03600)

Gonzalez v McCarver

2022 NY Slip Op 03600

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

208 CA 21-00621

[*1]ALEXIS GONZALEZ AND JOANNA FERREIRA, PLAINTIFFS-APPELLANTS,
v
RICHARD L. MCCARVER, FALLS OF NEUSE MANAGEMENT, LLC, NATIONAL COATINGS & SUPPLIES, INC., DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 

CAMPBELL & ASSOCIATES, HAMBURG (JOHN T. RYAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
BARCLAY DAMON LLP, ROCHESTER (JESSICA E. TARIQ OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Monroe County (Christopher S. Ciaccio, A.J.), entered April 14, 2021. The order, among other things, denied in part plaintiffs' motion for partial summary judgment and granted the cross motion of defendants-respondents for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion and reinstating the complaint against defendants-respondents, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries allegedly sustained by Alexis Gonzalez (plaintiff) when a vehicle he was driving was rear-ended by a vehicle driven by defendant Richard L. McCarver. Plaintiffs appeal from an order that, inter alia, granted the cross motion of defendants-respondents (defendants) for summary judgment dismissing the complaint against them on the ground that plaintiff did not suffer a serious injury under Insurance Law § 5102 (d) as a result of the accident due to an unexplained gap in plaintiff's treatment.
We agree with plaintiffs that Supreme Court erred in granting the cross motion based on its conclusion that there was an unexplained
14-month gap in plaintiff's treatment that was fatal to plaintiffs' causes of action (see generally Pommells v Perez, 4 NY3d 566, 574 [2005]). Summary judgment may be appropriate, "[e]ven where there is objective medical proof [of a serious injury], when additional contributory factors interrupt the chain of causation between the accident and claimed injury—such as a gap in treatment, an intervening medical problem or a preexisting condition" (McCarthy v Bellamy, 39 AD3d 1166, 1166 [4th Dept 2007] [internal quotation marks omitted]; see Hollenbeck v Barry, 199 AD3d 1329, 1329-1330 [4th Dept 2021]). Here, the court granted the cross motion based solely on the purported gap in plaintiff's treatment, not because it found that plaintiff's injuries did not constitute a serious injury under Insurance Law
§ 5102 (d). Thus, the primary issue on this appeal is not whether there was a serious injury, but rather whether the purported injury was caused as "a result of the accident" (PJI 2:88E, 2:88F; see generally Insurance Law § 5102 [d]) and, with respect to that issue, defendants bore the burden on their cross motion of establishing as a matter of law that the "chain of causation" was interrupted by the alleged gap in treatment (Pommells, 4 NY3d at 572).
Contrary to defendants' position on their cross motion and the court's decision, we [*2]conclude that "the record fails to establish [as a matter of law] that plaintiff in fact ceased all therapeutic treatment" during the purported 14-month gap alleged by defendants (Cook v Peterson, 137 AD3d 1594, 1597 [4th Dept 2016] [internal quotation marks omitted]; see Hollenbeck, 199 AD3d at 1330; Ortiz v Boamah, 169 AD3d 486, 489 [1st Dept 2019]). Indeed, the record reflects that plaintiff did not cease all treatment during the purported 14-month gap, and instead self-treated during that time with pain medications and exercises, pursuant to his physician's instructions (see Cook, 137 AD3d at 1597). The court also erred to the extent that it concluded that plaintiff's explanation for the purported gap in treatment was "disingenuous" because that conclusion is tantamount to a credibility determination, which is not generally permitted on a motion for summary judgment (see Perl v Meher, 18 NY3d 208, 219 [2011]; Cook, 137 AD3d at 1597). In any event, we note that the issue of causation is "[t]ypically . . . one to be [resolved] by the factfinder" (Hain v Jamison, 28 NY3d 524, 529 [2016]).
Further, we reject defendants' contention, advanced as an alternative ground for affirmance on plaintiffs' appeal (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), that the court properly granted the cross motion because plaintiff did not suffer a serious injury under Insurance Law
§ 5102 (d). Even assuming, arguendo, that defendants met their initial burden on the cross motion in that respect, we conclude that plaintiffs raised triable issues of fact through the affidavit of plaintiff's treating physician whether plaintiff sustained a serious injury under the significant limitation of use and permanent consequential limitation of use categories (see Kracker v O'Connor, 158 AD3d 1324, 1325 [4th Dept 2018]; Crewe v Pisanova, 124 AD3d 1264, 1265 [4th Dept 2015]; Burke v Moran, 85 AD3d 1710, 1711 [4th Dept 2011]). We therefore modify the order by denying defendants' cross motion and reinstating the complaint against them.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court