■ MARY SANSIVIERO, Appellant, v ALAN SANDERS, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated April 21, 1987, which granted the defendant's motion for partial summary judgment barring the plaintiff's claims for damages for injuries, medical expenses and economic loss after September 30, 1980.

Ordered that the order is affirmed, with costs.

The defendant demonstrated that the claims the plaintiff seeks to present at trial relating to injuries, medical expenses and economic loss after September 30, 1980, are identical to those issues necessarily decided by the Health Service Arbitration Forum and subsequently affirmed on appeal (see, Matter of Sansiviero v Royal Globe Ins. Co., 109 AD2d 840, lv denied 66 NY2d 606). We find unpersuasive the plaintiff's contention that she was not accorded due process of law and a full or fair opportunity to establish the precluded claims in the prior arbitration proceedings under the rules of the New York State Department of Insurance (see, Clemens v Apple, 65 NY2d 746, 748-749; 11 NYCRR 65.16). Under the circumstances, collateral estoppel effect was properly accorded the determination of the arbitration forum. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.