■ JAMES WATKINS, Individually and as Parent and Natural Guardian of TWISS WATKINS, an Infant, Respondent, v BANK OF CASTILE et al., Appellants.—Order unanimously af-

firmed with costs. Memorandum: Defendants contend that plaintiff is barred by collateral estoppel from litigating his claim for lost wages. We disagree. Because plaintiff arbitrated only his no-fault claim for medical expenses, and not his claim for lost wages, there is no identity of issue to form a basis for issue preclusion *(see, Kaufman v Lilly & Co.,* 65 NY2d 449, 455; *Kingston v State Farm Mut. Auto. Ins. Co.,* 165 AD2d 970). Indeed, the issue of lost wages could not have been considered in the health service arbitration because, under the multitiered no-fault arbitration system, that arbitration forum is limited to medical payment claim disputes *(see,* 11 NYCRR 65.16 [c] [3] [ii]; *see also, Matter of Berent [County of Erie],* 86 AD2d 764). Additionally, plaintiff's failure to reach the $50,000 threshold for basic economic loss does not bar him from suing defendants for lost wages to the extent that they exceed basic economic loss *(see generally, Fiveson v Kondenar,* 110 AD2d 749; *McDonnell v Best Bus Co.,* 97 AD2d 433). (Appeal from Order of Supreme Court, Wyoming County, Newman, J. —Summary Judgment.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.