■ GREGORY SHOULDERS, Appellant, v KATIE BROWN et al., Respondents. (Appeal No. 1.) [637 NYS2d 864] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1991 plaintiff commenced an action to recover for injuries sustained on November 18, 1990, when he fell from a bus owned by defendant Katie Brown and driven by defendant Eddie Lee

Brown. Plaintiff received no-fault benefits from his insurer until January 1992, when the insurer denied further coverage. On March 8, 1993, while the personal injury action was pending, an arbitrator upheld the denial of plaintiff's claim for no-fault benefits, finding, *inter alia,* that plaintiff "no longer suffers from a physical injury but rather that his complaints are the result of [an] emotional overlay."

On the day trial was scheduled to begin in Supreme Court in November 1994, defendants moved for summary judgment dismissing the complaint, for the first time asserting collateral estoppel as a defense. Defendants contended that the arbitration award barred plaintiff's personal injury action. The court granted the motion, dismissing the complaint. That was error.

As a threshold matter, we note that plaintiff's argument that defendants waived the defense by failing to raise it timely is unpreserved for our review. Plaintiff made that argument for the first time on his motion to reargue, and the order denying that motion is not appealable *(see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984). On the merits, however, defendants failed to establish that all issues sought to be litigated by plaintiff are identical to those decided at arbitration *(see, Kaufman v Eli Lilly & Co.,* 65 NY2d 449; *Watkins v Bank of Castile,* 172 AD2d 1061). Contrary to the contentions of defendants, the arbitrator did not consider whether defendants were liable for plaintiff's injuries, nor did he find that plaintiff suffered no injuries as a result of the accident. Rather, the arbitrator found that, as of January 31, 1992, plaintiff "was not so disabled from injuries sustained in an accident which occurred on November 18, 1990 as to be entitled to no fault benefits." We, therefore, modify the order on appeal by granting in part defendants' motion for summary judgment and dismissing so much of the complaint as seeks damages after January 31, 1992 *(see, Sansiviero v Sanders,* 143 AD2d 83, *lv dismissed* 73 NY2d 871). (Appeal from Order of Supreme Court, Onondaga County, Elliott, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.