■ FRANCINE NILES et al., Appellants, v MARGOT B. QUILES et al., Respondents. [666 NYS2d 657] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated December 12, 1996, as granted the defendants' motion for summary judgment dismissing the complaint on the ground of collateral estoppel.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion for summary judgment is denied, and the complaint is reinstated.

The plaintiff Francine Niles was injured in an automobile accident on May 27, 1993. Her no-fault insurance carrier initially paid benefits, including lost wage benefits, through June 29, 1994. Her claim for continuing loss of wage benefits was submitted to arbitration, and, after a hearing, the arbitrator denied further no-fault benefits. The defendants moved, *inter alia*, for summary judgment dismissing the complaint, arguing that on the basis of the arbitrator's determination and the evidence adduced at the arbitration proceeding, the plaintiffs were collaterally estopped from asserting the same injuries in this action or from asserting that Francine Niles met the no-fault threshold as defined in Insurance Law § 5102 (d). The Supreme Court granted the motion. We reverse insofar as appealed from.

In the present case, the defendants "failed to establish that all issues sought to be litigated by [the] plaintiff[s] are identical to those decided at arbitration" (*Shoulders v Brown,* 224 AD2d 960, 961). The failure of the plaintiff Francine Niles in the arbitration proceeding to demonstrate her right to compensation for lost wages effective June 1994 does not automatically operate to preclude her, or her co-plaintiff, from bringing this action (*see, Shoulders v Brown, supra; Watkins v Bank of Castile,* 172 AD2d 1061). Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.