GARY H. BARNETT et al., Respondents-Appellants, v EDITH D. IVES et al., as Fiduciaries of the Estate of JOHN T. DIX, Deceased, Appellants-Respondents. [696 NYS2d 321] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On July 11, 1993, Gary H. Barnett (plaintiff) sustained injuries in a motor vehicle accident involving a car driven by defendants' decedent. Plaintiff's no-fault carrier requested that plaintiff submit to an independent medical examination and, based upon the conclusion of the examining physician that plaintiff was no longer suffering from an injury that was causally related to the accident, denied benefits for medical expenses effective May 25, 1994. Plaintiff, who was represented by counsel, submitted to voluntary no-fault arbitration, following which the arbitrator concluded that plaintiff was not entitled to medical expenses after "May 23 [*sic*], 1994". The arbitrator concluded that plaintiff suffered from a preexisting degenerative condition and that, although the accident produced temporary acute symptoms, plaintiff's "continuing disability after the temporary aggravation has to be attributed to the preexisting low back pathology." The award was affirmed by a Master Arbitrator.

Thereafter, plaintiff commenced this personal injury action, and his wife asserted a derivative cause of action.

Defendants moved for summary judgment dismissing the complaint on the ground of collateral estoppel, and plaintiffs

cross-moved to dismiss the affirmative defense of collateral estoppel. Supreme Court granted defendants' motion to the "limited extent" of giving "collateral estoppel effect" to the arbitration award that plaintiffs were not entitled to prove that medical expenses incurred after "May 23 [*sic*], 1994" are causally related to the accident and otherwise denied the motion. The court granted the cross motion in part, determining that plaintiffs are collaterally estopped from proving that medical expenses after "May 23 [*sic*], 1994" are causally related to the accident. Defendants appeal, contending that the court should have dismissed the complaint in its entirety, or, in the alternative, should have dismissed all of plaintiffs' claims for damages after "May 23 [*sic*], 1994". Plaintiffs cross-appeal, contending that the court erred in giving the arbitration award any collateral estoppel effect because they did not have a full and fair opportunity to litigate the issue of causation.

We conclude that the court properly gave collateral estoppel effect to the arbitration award (*see, Clemens v Apple,* 65 NY2d 746, 748-749). We agree with defendants that the court erred in failing to dismiss all of plaintiffs' claims for damages after "May 23 [*sic*], 1994" (*see, Shoulders v Brown,* 224 AD2d 960, 961). We do not agree with defendants, however, that the court should have dismissed the complaint in its entirety. Although the arbitrator concluded that any injuries suffered by plaintiff in the accident were temporary and that any injuries that occurred after "May 23 [*sic*], 1994" were not causally related to the accident, "the arbitrator did not consider whether defendants were liable for plaintiff's injuries, nor did he find that plaintiff suffered no injuries as a result of the accident" (*Shoulders v Brown, supra,* at 961). Although plaintiff is estopped from proving that he sustained permanent injuries, he is not precluded from proving that he sustained a serious injury under the alternative grounds asserted in the bill of particulars. We therefore modify the order by providing in the first ordering paragraph that all of plaintiffs' claims for damages after May 25, 1994 are dismissed and by providing in the second ordering paragraph that plaintiffs shall be collaterally estopped from proving damages after May 25, 1994. (Appeals from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.