■ ROYAL LIPSCOMB et al., Respondents, v STEPHEN J. COHEN et al., Appellants. [942 NYS2d 235]—

Lahtinen, J. Appeal from an order of the Supreme Court (Sherman, J.), entered November 19, 2010 in Tompkins County, which, among other things, denied defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff Royal Lipscomb (hereinafter plaintiff) and his wife, derivatively, commenced this action seeking damages for injuries allegedly sustained when plaintiff's car was struck from behind by a vehicle operated by defendant Stephen J. Cohen and owned by defendant Claude Cohen. Following discovery, plaintiffs moved for summary judgment on the issue of liability and defendants cross-moved for summary judgment dismissing the action on the ground that plaintiff had not sustained a serious injury (see Insurance Law § 5102 [d]). Supreme Court denied both motions, and defendants appeal.

The accident occurred while plaintiff was en route to his November 14, 2006 appointment with his family physician, John-Paul Mead, for a diabetic checkup. At the time of the accident, plaintiff was 62 years old and, importantly, had no prior medical history of problems with his neck. After the accident, he continued to his appointment and, at some point thereafter, he scheduled an appointment to return to Mead regarding his neck, which he testified started bothering him following the accident. Thereafter, plaintiff received extensive treatment by many healthcare providers. In January 2007, he returned to Mead, received pain medication and started a regimen of physical therapy. In June 2007, he was referred to a neurosurgeon, Gerald Zupruk, whose treatment included, among other things, muscle relaxants and a referral for several steroid injections. At the end of December 2007, Zupruk suggested that plaintiff continue exercises and return on an "as-needed basis only." Plaintiff's neck pain continued throughout 2008, but he had other unrelated health issues and did not seek further treatment for his neck until the pain became unbearable at the end of 2008. In early December 2008, Mead referred him to orthopedic surgeon Seth Zeidman, who he saw in January 2009. Following further tests and visits, Zeidman recommended an anterior cervical disc fusion at C3-4, C4-5, which was performed in September 2009 by John Fahrbach, a neurosurgeon.

Disputed issues on appeal include whether plaintiffs produced sufficient proof regarding causation, adequately explained the gap in treatment in 2008, and set forth ample evidence of a significant limitation of use of body function or system. At this procedural point, the evidence on such issues is considered in the light most favorable to plaintiffs (see Gronski v County of Monroe, 18 NY3d 374, 381 [2011]).

On the causation issue, Mead and Zupruk broadly related plaintiff's neck problems to the accident, and the neurosurgeon who conducted an independent medical examination opined that the injuries were related to both the accident and plaintiff's degenerative condition. More detailed opinions were offered by treating physicians Zeidman and Fahrbach, who had reviewed plaintiff's medical history, including the pertinent X ray and MRIs. Citing the lack of a preaccident history of cervical dysfunction or pain, the doctors unequivocally opined that the accident destabilized plaintiff's cervical spine causing his acute and chronic injuries to the neck, and such injuries resulted in the required surgical intervention. Given that several doctors rejected plaintiff's degenerative condition as the sole cause of his injury, and with no preaccident medical history of neck pain, there is sufficient evidence to raise a factual question regarding causation (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Regarding the gap in plaintiff's treatment during 2008, "a cessation of treatment is not dispositive" on a summary judgment motion, although "a plaintiff who terminates therapeutic measures following the accident, while claiming 'serious injury,' must offer some reasonable explanation for having done so" (*Pommells v Perez*, 4 NY3d 566, 574 [2005]). Here, plaintiff explained that, as of the end of December 2007, Zupruk gave him tips on helpful exercises and only sought to see him on an "as-needed" basis in the future; he continued to have constant neck pain, but had no desire to undergo surgery, and needed to deal with other health issues in 2008; and he sought further treatment when the pain became unbearable towards the end of 2008. He provided a reasonable explanation for the gap and he was not required to "incur the additional expense of consultation, treatment or therapy, merely to establish the seriousness or causal relation of his injury" (*id.* at 577).

The affirmations of Fahrbach and Zeidman were adequate to raise a factual issue regarding a significant limitation. In addition to opining that the accident caused the injuries that necessitated plaintiff's surgery, they set forth a sufficient description of the various resulting limitations on plaintiff's activities and movements to survive summary dismissal (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]). The doctors' opinions included: "[plaintiff] suffered a qualitative limitation which restricted his ability to perform repetitive pushing, pulling, and reaching overhead"; "he has a qualitative limitation to his ability to perform any overhead work, any lifting for an extended period of time"; and "[h]e should not lift more than 20 pounds at any one given time, or repetitively lift any weight

of more than 10 pounds with absolutely no overhead work whatsoever."

Finally, although Supreme Court denied defendants' cross motion in its entirety upon finding ample proof of a serious injury, we note that plaintiffs alleged in their pleadings a serious injury under other categories of Insurance Law § 5102 (d), including significant disfigurement, permanent loss of use of a body organ, member, function or system, permanent consequential limitation of use of a body organ or member and the 90/180-day category. Defendants' cross motion should have been granted as to these categories since plaintiffs failed to raise a triable issue with respect thereto.

Mercure, A.P.J., Peters, Rose and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion for summary judgment dismissing that part of the complaint alleging that plaintiff Royal Lipscomb suffered a serious injury in the significant disfigurement, permanent loss of use, permanent consequential limitation and 90/180-day categories; cross motion granted to that extent, partial summary judgment awarded to defendants and said claims dismissed; and, as so modified, affirmed.