# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1177**
**CA 14-00114**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

ARIANE CREWE, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

TATJANA PISANOVA AND NIKOLAY PISANOV,
DEFENDANTS-APPELLANTS.

---

LAW OFFICES OF THERESA J. PULEO, SYRACUSE (MICHELLE M. DAVOLI OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

LAW OFFICE OF MARC JONAS, UTICA (JASON D. FLEMMA OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a revised order of the Supreme Court, Oneida County
(David A. Murad, J.), entered October 23, 2013. The revised order
denied in part the motion of defendants for summary judgment.

It is hereby ORDERED that the revised order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained in a motor vehicle accident when the vehicle
she was driving was rear-ended by a vehicle operated by defendant
Tatjana Pisanova and owned by defendant Nikolay Pisanov. Defendants
moved for summary judgment dismissing the complaint on the grounds
that plaintiff did not sustain a serious injury within the meaning of
the four categories of serious injury set forth in plaintiff's bill of
particulars (*see* Insurance Law § 5102 [d]), and did not sustain
economic loss in excess of the $50,000 threshold for basic economic
loss (§ 5102 [a]). Supreme Court granted the motion only with respect
to the permanent loss of use category of serious injury, and
defendants contend on appeal that the court should have granted their
motion in its entirety. We affirm.

The court properly denied defendants' motion with respect to the
remaining three categories of serious injury. With respect to two of
those categories, i.e., permanent consequential limitation of use and
significant limitation of use, we note that " '[w]hether a limitation
of use or function is significant or consequential (i.e., important .
. .) relates to medical significance and involves a comparative
determination of the degree or qualitative nature of an injury based
on the normal function, purpose and use of the body part' " (*Matte v
Hall*, 20 AD3d 898, 899, quoting *Toure v Avis Rent A Car Sys.*, 98 NY2d
345, 353; *see Dufel v Green*, 84 NY2d 795, 798). Objective proof is

required to prove such limitations (*see Matte*, 20 AD3d at 899; *Leahey v Fitzgerald*, 1 AD3d 924, 925).  Here, defendants' own submissions raise triable issues of fact with respect to those categories (*see Thomas v Huh*, 115 AD3d 1225, 1225; *Summers v Spada*, 109 AD3d 1192, 1192).

Defendants' expert opined that plaintiff did not have a serious injury within the meaning of those two categories, based upon his examination of plaintiff and his review of plaintiff's medical records.  The expert concluded, inter alia, that plaintiff did not sustain a serious injury because she did not have radicular pain.  In addition, however, defendants submitted an electromyography study of plaintiff in support of their motion, indicating that plaintiff suffered from "moderate chronic left C5-6 radiculopathy."  Further, when defendants' expert reviewed plaintiff's medical history, it was admittedly missing the first page of that electromyography study.  That is the page containing the conclusion that plaintiff has "moderate . . . radiculopathy," and we thus conclude that the basis for the expert's conclusion was thereby undermined.  Consequently, defendants failed to eliminate all triable issues of fact with respect to the permanent consequential limitation of use and significant limitation of use categories (*see Mugno v Juran*, 81 AD3d 908, 909; *Lesser v Smart Cab Corp.*, 283 AD2d 273, 273-274; *see also Little v Ajah*, 97 AD3d 801, 802).  Even assuming, arguendo, that defendants met their initial burden with respect to those two categories, we conclude that plaintiff raised triable issues of fact.  Plaintiff submitted the affidavit of her treating chiropractor and a report from her expert physician, which discussed plaintiff's inability to return to pre-loss activity levels, abnormalities she exhibited in her spine, and the likelihood that plaintiff will continue to experience physical problems even when the injuries heal.

Defendants also failed to meet their burden with respect to the 90/180-day category of serious injury, inasmuch as their own submissions again raise a triable issue of fact (*see Thomas*, 115 AD3d at 1225; *Summers*, 109 AD3d at 1192).  "To qualify as a serious injury under the 90/180[-day] category, there must be objective evidence of a medically determined injury or impairment of a non-permanent nature . . . as well as evidence that plaintiff's activities were curtailed to a great extent" (*Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [internal quotation marks omitted]; *see Licari v Elliott*, 57 NY2d 230, 236).  Here, defendants rely on plaintiff's deposition testimony addressing how her activities were curtailed as of the time of the deposition, over a year after the accident, rather than how they were curtailed during the relevant statutory period, and the report of their expert physician, "who did not examine plaintiff during the relevant statutory period and did not address plaintiff's condition during the relevant period" (*Robinson v Joseph*, 99 AD3d 568, 569; *see Lowell v Peters*, 3 AD3d 778, 779-780).

Finally, we reject defendants' contention concerning plaintiff's alleged failure to sustain economic loss in excess of basic economic loss.  "[P]laintiff[] correctly contend[s] that [she] need not await the full $50,000 payout for basic economic losses . . . before making

a claim under Insurance Law § 5102 (a) for those additional economic losses that exceed the basic economic loss threshold" (*Wilson v Colosimo*, 101 AD3d 1765, 1767; *see generally Montgomery v Daniels*, 38 NY2d 41, 47-48; *Colvin v Slawoniewski*, 15 AD3d 900, 900; *Barnes v Kociszewski*, 4 AD3d 824, 825; *Watkins v Bank of Castile*, 172 AD2d 1061, 1062).  Here, the three-year period in which plaintiff may accrue economic loss in excess of basic economic loss, as set forth in Insurance Law § 5102 (a) (2), commenced on the date of the accident and had not yet elapsed when the motion was decided.  Therefore, summary judgment on this ground was premature.


                                                    Frances E. Cafarell


Entered:  January 2, 2015
                                                    Clerk of the Court