# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

165
CA 15-01363
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND SCUDDER, JJ.

---

CARMINE DURANTE, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

MICHAEL HOGAN AND HEATHER PISTON,
DEFENDANTS-APPELLANTS.

---

SANTACROSE & FRARY, ALBANY (ERIN K. SKUCE OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CERIO LAW OFFICES, SYRACUSE (MICHAEL D. ROOT OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), entered October 22, 2014. The order denied
the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he allegedly sustained when the vehicle he was driving was
rear-ended by a vehicle owned by defendant Heather Piston and operated
by defendant Michael Hogan. Defendants moved for summary judgment
dismissing the complaint on the ground that plaintiff did not sustain
a serious injury within the meaning of Insurance Law § 5102 (d). We
note at the outset that, although plaintiff failed to allege in his
bill of particulars that he sustained a serious injury under any
specific category set forth in the statute, the parties addressed the
permanent consequential limitation of use, significant limitation of
use, and 90/180-day categories in their motion papers and briefs on
appeal, and we likewise address those categories.

The court properly denied the motion. Defendants' own
submissions raise triable issues of fact with respect to each of the
categories of serious injury. Turning first to the 90/180-day
category, we conclude that the report of the physician who conducted
an independent medical examination (IME) of plaintiff raises triable
issues of fact whether plaintiff sustained "a medically determined
injury or impairment of a non-permanent nature" (Insurance Law § 5102
[d]; *see Zeigler v Ramadhan*, 5 AD3d 1080, 1081). In addition, the
deposition testimony of plaintiff, submitted by defendants in support
of the motion, raises triable issues of fact whether he had "been
curtailed from performing his usual activities to a great extent"

during the statutory period (*Licari v Elliott*, 57 NY2d 230, 236; *see Rienzo v La Greco*, 11 AD3d 1038, 1039).

With respect to the remaining categories, "[a]lthough defendants contended in support of their motion that [plaintiff's] injuries were attributable to [a] prior accident[], they failed to submit evidence establishing as a matter of law that the injuries were entirely attributable to [that] prior accident[] and were not exacerbated by the accident in question" (*Benson v Lillie*, 72 AD3d 1619, 1620; *see Fanti v McLaren*, 110 AD3d 1493, 1494).  Indeed, the physician who conducted the IME acknowledged that imaging studies of plaintiff's spine showed a more severe condition following the accident in question than prior to that accident.  In addition, during his deposition plaintiff adequately explained a three-month gap in treatment (*see Garza v Taravella*, 74 AD3d 1802, 1803).

Inasmuch as defendants failed to meet their initial burden on the motion, there is no need to consider the sufficiency of plaintiff's opposition thereto (*see Summers v Spada*, 109 AD3d 1192, 1193).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court