■ Antonio Jackson, Plaintiff, v City of Buffalo et al., Defendants. City of Buffalo, Third-Party Plaintiff-Respondent, v Taneka Jackson, Third-Party Defendant-Appellant. [40 NYS3d 827]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered July 8, 2015. The order denied the motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while he was a passenger in a vehicle driven by his wife, third-party defendant. Defendant

Jason Austin was operating a dump truck pulling an attached trailer, both of which were owned by defendant City of Buffalo. Austin and third-party defendant were traveling in the same direction on Eggert Road when Austin made a right-hand turn and collided with the vehicle driven by third-party defendant, which was to his right.

Supreme Court properly denied third-party defendant's motion seeking summary judgment dismissing the third-party complaint. Third-party defendant failed to meet her initial burden of establishing as a matter of law that the sole proximate cause of the accident was Austin's negligence (see *Burghardt v Cmaylo*, 40 AD3d 568, 569 [2007]; see generally *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). First, there is a triable issue of fact whether Austin was negligent in making the turn. The road was marked as a two-lane road, i.e., divided by a yellow line, with traffic going in both directions, but third-party defendant testified that the road was wide enough that two drivers could travel in the same lane in the same direction, thereby functionally creating two lanes in the same direction from a single lane. Austin testified that he was driving the truck in the middle of the road, but more towards the curb, before he made his turn. We conclude that there are triable issues of fact whether the road has one or two lanes of travel in the same direction and, if there are two such lanes, whether Austin made an improper right-hand turn from the leftmost lane (see *Secore v Allen*, 27 AD3d 825, 828-829 [2006]; cf. *Tojek v Root*, 34 AD3d 1210, 1210 [2006]). Second, even assuming, arguendo, that third-party defendant established as a matter of law that Austin was negligent, she failed to establish that there was nothing she could do to avoid the accident and therefore failed to establish that she was free of comparative fault (see *Deering v Deering*, 134 AD3d 1497, 1498-1499 [2015]; *Cooley v Urban*, 1 AD3d 900, 901 [2003]). Present—Centra, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.