# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**304**
**CA 16-01557**
PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

ANNA-MARIE H. RUSSO, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

DENNIS B. PEARSON AND NIAGARA MOHAWK POWER CORP.,
DEFENDANTS-RESPONDENTS.

---

STANLEY LAW OFFICES, LLP, SYRACUSE (STEPHANIE VISCELLI OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

BARCLAY DAMON, LLP, SYRACUSE (MATTHEW J. LARKIN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), entered May 27, 2016. The order denied
plaintiff's motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when the vehicle she was driving
collided with a vehicle driven by Dennis B. Pearson (defendant) and
owned by defendant Niagara Mohawk Power Corp. Supreme Court properly
denied plaintiff's motion for summary judgment on the issues of
serious injury and "negligence." Plaintiff's motion and supporting
papers show that plaintiff was actually seeking a determination that
defendant's negligence was the sole proximate cause of the accident
and that she was not comparatively negligent. We conclude that
plaintiff failed to meet her initial burden of establishing as a
matter of law that defendant's negligence was the sole proximate cause
of the accident and that there are no issues of fact concerning her
comparative negligence (*see Jackson v City of Buffalo*, 144 AD3d 1555,
1556; *Bush v Kovacevic*, 140 AD3d 1651, 1653). " '[W]hether a
plaintiff is comparatively negligent is almost invariably a question
of fact and is for the jury to determine in all but the clearest
cases' " (*Yondt v Boulevard Mall Co.*, 306 AD2d 884, 884). In support
of the motion, plaintiff submitted her own deposition testimony, which
raised a question of fact regarding her attentiveness as she drove her
vehicle (*see Spicola v Piracci*, 2 AD3d 1368, 1369). Thus, we conclude
that plaintiff "failed to establish that there was nothing she could
do to avoid the accident and therefore failed to establish that she
was free of comparative fault" (*Jackson*, 144 AD3d at 1556). We have
considered plaintiff's remaining contention and conclude that it is

without merit.