■ JOSEPH M. ROZEWSKI, Appellant, v MICHAEL T. TRAUTMANN, Respondent. [57 NYS3d 852]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 16, 2016. The order granted the motion of defendant for leave to serve an amended answer and struck all claims of a left wrist injury from plaintiff's bill of particulars and supplemental bill of particulars.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that he allegedly sustained in a motor vehicle accident. Plaintiff appeals from an order that granted defendant's motion for leave to serve an amended answer asserting collateral estoppel as an affirmative defense and that, on the basis of that defense, struck all claims of a left wrist injury from the complaint, as supplemented by the initial and supplemental bills of particulars. Supreme Court determined that plaintiff is collaterally estopped from establishing that such an injury was causally related to the subject motor vehicle accident because of a no-fault arbitration award that determined otherwise. We reject plaintiff's contention that collateral estoppel should not apply because he was not afforded a full and fair opportunity to litigate that issue in the arbitration proceeding.

Under the doctrine of collateral estoppel, or issue preclusion, a party may not "relitigat[e] in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). Collateral estoppel applies only if "(1) the issue sought to be precluded is identical to a material issue necessarily decided by the [prior tribunal] in a prior proceeding; and (2) there was a full and fair opportunity to contest the issue in [that] tribunal" (*Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]; *see Ryan*, 62 NY2d at 500-501). In determining whether a party was given a full and fair op-

portunity to litigate the issue in a prior proceeding, the court should consider " 'the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the difference in the applicable law and the foreseeability of future litigation' " (*Clemens v Apple*, 65 NY2d 746, 748 [1985], quoting *Ryan*, 62 NY2d at 501). The doctrine of collateral estoppel may be invoked based upon an arbitration award (*see Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.]*, 43 NY2d 184, 189-190 [1977]; *see generally Rembrandt Indus. v Hodges Intl.*, 38 NY2d 502, 504 [1976]), including the arbitration of a no-fault claim (*see Clemens*, 65 NY2d at 748-749; *Barnett v Ives*, 265 AD2d 865, 866 [1999]).

Here, we conclude that plaintiff had a full and fair opportunity to litigate the question whether his left wrist injury was causally related to the automobile accident because he "freely elected to proceed to arbitration with the assistance of counsel . . . despite the availability of an alternate judicial forum . . . , and had the *opportunity* to employ procedures substantially similar to those utilized in a court of law" (*Clemens*, 65 NY2d at 749). Moreover, "in view of the fact that the arbitration was sought *subsequent* to the commencement of this negligence action against defendant to recover for personal injuries, plaintiff, proceeding with the aid of counsel, should have been aware of the possibility that the result of the arbitration would affect a pending court proceeding addressing, in part, the identical issue presented at the arbitration," i.e., whether plaintiff's left wrist injury was causally related to the accident (*id.*).

We have considered plaintiff's remaining contentions and conclude that they have no merit. Present—Whalen, P.J., Peradotto, DeJoseph, Curran and Winslow, JJ.