Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered April 27, 2016. The order, insofar as appealed from, denied the motion of defendants for summary judgment dismissing the complaint.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that he sustained while he was a passenger in a vehicle driven by his wife, third-party defendant. Defendant Jason Austin was operating a dump truck with an attached trailer, both of which were owned by defendant City of Buffalo. Austin and third-party defendant were traveling in the same direction on Eggert Road, when Austin turned right and collided with the vehicle driven by third-party defendant, which was to his right. On a prior appeal, this Court affirmed an order denying third-party defendant’s motion for summary judgment dismissing the third-party complaint (Jackson v City of Buffalo, 144 AD3d 1555, 1555 [4th Dept 2016]).
 

 Supreme Court properly denied defendants’ motion for summary judgment dismissing the complaint. Defendants failed to meet their initial burden of establishing that third-party defendant was negligent as a matter of law and that her negligence was the sole proximate cause of the accident (see Russo v Pearson, 148 AD3d 1762, 1763 [4th Dept 2017]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although defendants submitted the expert affidavit of an engineer who opined that there is only one lane of travel in each direction on the portion of Eggert Road where the accident occurred, defendants also submitted the deposition testimony of plaintiff, third-party defendant, and Austin, each of whom testified that two cars can fit side-by-side each way on that portion of road, “thereby functionally creating two lanes in the same direction from a single lane” (Jackson, 144 AD3d at 1556). Moreover, plaintiff further testified at his deposition that the vehicle in which he was riding was positioned on the right side of Austin’s dump truck, and that Austin did not activate his turn signal before turning. We thus conclude that there are issues of fact whether the road has one or two lanes of travel in each direction and whether Austin made an improper right turn from the left lane (see id.).
 

 Defendants also failed to meet their initial burden of establishing that plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Summers v Spada, 109 AD3d 1192, 1193 [4th Dept 2013]). To qualify as serious injury under that category, “ ‘there must be objective evidence of a medically determined injury or impairment of a non-permanent nature ... as well as evidence that plaintiff’s activities were curtailed to a great extent’ ” (Crewe v Pisanova, 124 AD3d 1264, 1265 [4th Dept 2015]; see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 357 [2002]). In support of their motion, defendants submitted the transcript of plaintiff’s General Municipal Law § 50-h hearing, which occurred 176 days after the accident. Plaintiff testified at the hearing that he went to the hospital the day after the accident, that he was then forbidden by his physician from returning to work because he had two herniated discs and a torn disc in his back, and that he had not yet returned to work after the accident. Although defendants’ expert physician opined in his affirmed report that plaintiff could continue working, that opinion was based upon an examination of plaintiff that occurred over four years after the accident, and thus the physician “ ‘did not examine plaintiff during the relevant statutory period and did not address plaintiff’s condition during the relevant period’ ” (Crewe, 124 AD3d at 1265-1266).
 

 With respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury, even assuming, arguendo, that defendants met their initial burden of establishing their entitlement to judgment as a matter of law, we conclude that plaintiff raised an issue of fact by submitting the expert opinion of his treating chiropractor, “who relied upon objective proof of plaintiff’s injury, provided quantifications of plaintiff’s loss of range of motion along with qualitative assessments of plaintiff’s condition, and concluded that ‘plaintiff’s injury was significant, permanent, and causally related to the accident’ ” (Moore v Gawel, 37 AD3d 1158, 1159 [4th Dept 2007]; see Strangio v Vasquez, 144 AD3d 1579, 1580 [4th Dept 2016]; Stamps v Pudetti, 137 AD3d 1755, 1757 [4th Dept 2016]).
 

 Present—Centra, J.P., Carni, Lindley, Troutman and Winslow, JJ.