Cuyler v Allstate Ins. Co. (2019 NY Slip Op 06322)





Cuyler v Allstate Ins. Co.


2019 NY Slip Op 06322


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


664 CA 19-00052

[*1]THOMAS CUYLER, PLAINTIFF-APPELLANT-RESPONDENT,
v
ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT-APPELLANT.






PARISI & BELLAVIA, LLP, ROCHESTER (TIMOTHY C. BELLAVIA OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
LAW OFFICE OF JOHN TROP, ROCHESTER (TIFFANY L. D'ANGELO OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered October 25, 2018. The order denied that part of the motion of plaintiff for partial summary judgment on the issue of serious injury and denied the cross motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages pursuant to an uninsured motorist provision of an automobile insurance policy for injuries that he allegedly sustained as a result of a motor vehicle accident. Plaintiff now appeals from an order that, inter alia, denied that part of his motion for partial summary judgment on the issue of serious injury, and defendant cross-appeals from that order insofar as it denied defendant's cross motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as a result of the accident. We affirm.
Contrary to plaintiff's contention, Supreme Court properly denied that part of his motion seeking partial summary judgment on the issue of serious injury. Even assuming, arguendo, that plaintiff met his initial burden of demonstrating his entitlement to judgment as a matter of law (see DeAngelis v Martens Farms, LLC, 104 AD3d 1125, 1126-1127 [4th Dept 2013]), we conclude that defendant raised an issue of fact whether plaintiff's spinal injuries were causally related to the accident or the result of a preexisting injury to his cervical spine (see Cicco v Durolek, 147 AD3d 1487, 1488 [4th Dept 2017]; see generally Pommells v Perez, 4 NY3d 566, 580 [2005]).
We likewise reject defendant's contention that the court erred in denying its cross motion. Contrary to defendant's contention, we conclude that defendant is not entitled to summary judgment dismissing the complaint on the ground that plaintiff's injuries are not causally related to the accident (see Mays v Green, 165 AD3d 1619, 1620 [4th Dept 2018]).
We further conclude that defendant is not entitled to summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of the three categories alleged by plaintiff in his bill of particulars (see Insurance Law
§ 5102 [d]). Initially, we note that defendant did not seek summary judgment on that ground with respect to the 90/180-day category of serious injury, and thus defendant's contention concerning that category, which was not a subject of plaintiff's motion, is not properly before us (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). Additionally, we conclude that defendant failed to meet its initial burden on that ground with respect to the significant limitation of use and permanent consequential limitation of use categories inasmuch [*2]as defendant's own submissions "raise triable issues of fact whether plaintiff's alleged limitations and injuries are significant or consequential" (Monterro v Klein, 160 AD3d 1459, 1460 [4th Dept 2018] [internal quotation marks omitted]; see Crewe v Pisanova, 124 AD3d 1264, 1264-1265 [4th Dept 2015]). One of defendant's experts examined plaintiff and acknowledged that he exhibited radiculopathy (see Crewe, 124 AD3d at 1265), and defendant's other expert measured limitations in the range of motion in plaintiff's cervical spine (see Monterro, 160 AD3d at 1460). Although the latter expert opined that plaintiff was feigning those limitations, the expert provided no factual basis for that opinion (see Thomas v Huh, 115 AD3d 1225, 1226 [4th Dept 2014]; Busljeta v Plandome Leasing, Inc., 57 AD3d 469, 469 [2d Dept 2008]).
Finally, even assuming, arguendo, that defendant met its initial burden with respect to the permanent consequential limitation of use category, we conclude that plaintiff raised an issue of fact through the affidavit of his expert, who opined that plaintiff had not responded to treatment, that he would require surgery, and that his injuries are permanent (see Edwards v Devine, 111 AD3d 1370, 1372 [4th Dept 2013]; Garza v Taravella, 74 AD3d 1802, 1803 [4th Dept 2010]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court