Lavrinovich v Conrad (2020 NY Slip Op 01413)





Lavrinovich v Conrad


2020 NY Slip Op 01413


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

527908

[*1]Natalya Lavrinovich, Individually and as Parent of David V. Lavrinovich, an Infant, et al., Respondents-Appellants,
v
Dylan M. Conrad et al., Appellants-Respondents.

Calendar Date: January 9, 2020

Before: Garry, P.J., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Barth Sullivan Behr, Syracuse (Daniel K. Cartwright of counsel), for appellants-respondents.
Coughlin & Gerhart, LLP, Binghamton (Thomas H. Bouman of counsel), for respondents-appellants.



Pritzker, J.
Cross appeals from an order of the Supreme Court (Lebous, J.), entered October 31, 2018 in Broome County, which partially granted defendants' motion for summary judgment dismissing the complaint.
In May 2013, plaintiff Natalya Lavrinovich (hereinafter Lavrinovich) was driving a vehicle and waiting to turn left when her vehicle was struck from behind by a vehicle driven by defendant Dylan M. Conrad and owned by defendant Wendy M. Conrad. David V. Lavrinovich (hereinafter the child; born in 2003) was a passenger in the backseat of Lavinrovich's vehicle at the time of the accident. Although neither Lavrinovich nor the child reported injuries to emergency personnel on scene immediately after the accident, both, at later times, complained of injuries allegedly associated with the accident. Because of these injuries, Lavrinovich, individually and on the child's behalf, and her spouse derivatively, commenced this action in December 2015, alleging that Lavrinovich and the child sustained serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the accident. In the bill of particulars, plaintiffs claimed that Lavrinovich sustained injuries under the significant limitation of use, permanent consequential limitation of use and 90/180-day categories. Additionally, plaintiffs alleged that the child sustained injuries under the fracture, permanent consequential limitation of use and significant limitation of use categories. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court partially granted the motion by dismissing the child's and Lavrinovich's claims of serious injury under the permanent consequential limitation of use category and by also dismissing Lavrinovich's claim of serious injury under the significant limitation of use category.[FN1] Supreme Court denied the remainder of the motion. This appeal and cross appeal ensued.
We turn first to defendants' claim that Supreme Court erred in denying their motion for summary judgment as to Lavrinovich under the 90/180-day category. "As proponents of the motion for summary judgment, defendants bore the initial burden of establishing, through competent medical evidence, that plaintiff did not sustain a serious injury caused by the accident" (Cohen v Bayer, 167 AD3d 1397, 1398 [2018] [citations omitted]). In support of their motion, defendants proffered an independent medical examination (hereinafter IME) conducted by John Cambareri, as well as the verified bill of particulars and Lavrinovich's deposition testimony. The IME was conducted five years after the accident and references medical records from the 90/180-day statutory window. The IME illustrates that Lavrinovich suffered from back, neck and shoulder pain after the accident, which resulted in her seeking physical therapy during this time. The IME does not, however, "discuss [the 90/180-day] category of serious injury" (Lowell v Peters, 3 AD3d 778, 780 [2004]; see Tornatore v Haggerty, 307 AD2d 522, 523 [2003]). Further, in her deposition, Lavrinovich testified regarding her injuries following the accident and that, as a result of these injuries, she was unable to perform various self-care, household and work tasks, and, as such, "raises triable issues of fact whether [s]he had been curtailed from performing [her] usual activities to a great extent during the statutory period" (Durante v Hogan, 137 AD3d 1677, 1678 [2016] [internal quotation marks and citation omitted]). Therefore, Supreme Court properly found that defendants did not meet their burden of establishing the absence of all material questions of fact as to whether Lavrinovich suffered a serious injury under the 90/180-day category (see Durante v Hogan, 137 AD3d at 1678; Crewe v Pisanova, 124 AD3d 1264, 1265 [2015]; Ames v Paquin, 40 AD3d 1379, 1380 [2007]).
Next, we address plaintiffs' cross appeal in which they argue that Supreme Court erred in granting defendants' motion for summary judgment dismissing Lavrinovich's serious injury claim under the significant limitation of use and permanent consequential limitation of use categories. As noted above (see n 1, supra), in opposition to defendants' motion, plaintiffs argued that defendants did not meet their burden and, as such, the burden never shifted to plaintiffs to raise a triable issue of fact with respect to these categories. Contrary to plaintiffs' contention, however, we find, as did Supreme Court, that defendants did meet their burden with respect to these categories. Although the IME reveals decreased range of motion in Lavrinovich's lower back, Cambareri opines that this is not related to the accident, as there is no evidence of same in the medical records, nor does Lavrinovich allege a lower back injury in the bill of particulars. As to Lavrinovich's neck and shoulder pain, the IME revealed only a minor decrease in the range of motion in the neck and a full range of motion in the shoulders. Accordingly, Cambareri opined that Lavrinovich's "subjective complaints far outweigh any objective findings." Based upon this evidence, defendants satisfied their initial burden of establishing that Lavrinovich's injuries did not qualify as a serious injury under these categories (see Fillette v Lundberg, 150 AD3d 1574, 1577 [2017]; Womack v Wilhelm, 96 AD3d 1308, 1310 [2012]). As plaintiffs failed to oppose the motion with their own evidentiary support, thus failing to raise a material issue of fact as to Lavrinovich's claims of serious injury under these two categories (see n 1, supra), said claims were properly dismissed (see Eason v Blacker, 155 AD3d 1180, 1183 [2017]; cf. Macancela v Wyckoff Hgts. Med. Ctr., 176 AD3d 795, 798 [2019]).
With regard to the child, defendants argue that Supreme Court erred in denying their motion for summary judgment dismissing plaintiffs' claim of serious injury under the significant limitation of use and fracture categories. Defendants supported the motion for summary judgment with the child's deposition testimony, as well as an IME of the child conducted by Cambareri. In his deposition testimony, the child stated he did not experience any pain immediately following the accident, but approximately a week after the accident, he started getting headaches and blurred vision. Approximately a week later, the child sought medical treatment for his headaches. The child also testified that, approximately a month after the accident, he began having minor back pain, but he did not seek medical treatment until 2015. The child explained that he had to wear a back brace for eight months, that he was unable to participate in gym class and that he engaged in physical therapy for approximately two months. After the child no longer had to wear the back brace, he was cleared to return to gym class and also began to play soccer. He reported that, although he was no longer receiving treatment for his back, he continues to get check-ups every six months and will continue to do so until he is 18 years old. The child's IME diagnosed the child with "spondylolisthesis of L5 on S1." According to Cambareri, this was not associated with the accident but, rather, "an abnormality that occurs in children between the ages of 5 and 15, often in athletic children, as a result of a stress fracture from sports." Further, Cambareri asserted that "[t]he pain . . . was so remote from [the accident] that there is no way, in [his] opinion, that the injury [in May 2013] had anything to do with the symptoms in the lower back." Camberari's physical examination, more than five years after the accident, revealed a normal range of motion in the child's neck and back.
In opposition, plaintiffs submitted an affirmation of the child's treating physician, Kamlesh Desai, an orthopedic surgeon. In August 2015, after a physical examination, as well as an X ray and MRI of the child's back, Desai, "diagnosed [the child] with pars defect, a condition, often congenital, in young children which is latent or asymptomatic but places the child at increased risk of a stress fracture, or spondylolysis." Then, in February 2016, after subsequent physical examinations and
X rays, Desai diagnosed the child with "spondylolisthesis at L5/SI, status post motor vehicle accident," noting that one
"[X] ray examination showed continuing evidence of spondylolisthesis with spondylolysis. Desai affirmed that the child reported that he first felt back pain shortly after the accident and that this pain progressively worsened. According to Desai, "[t]his is not uncommon in pars defects fractures as the trauma causes minimal separation which can, and often will, gradually worsen." Desai opined that, although the pars defect and spondylolisthesis were not related to the motor vehicle accident as they existed prior to it,[FN2] the accident itself caused the child back pain, which resulted in him being prescribed the back brace and attending physical therapy. Desai opined that the "back brace result[ed] in a significant limitation of use of [the child's] back" and that the child "was restricted to a great extent during that course of treatment for a period of no less than eight months."
The evidence set forth by defendants was sufficient to satisfy their prima facie burden of establishing the absence of any material questions of fact as to whether the child sustained a serious injury under the significant limitation of use category and fracture categories (cf. Kesick v Burns-Leader, 169 AD3d 1313, 1316 [2019]). However, Desai's affirmation was sufficient to meet plaintiffs' shifted burden of establishing the existence of a material issue of fact (see Clausi v Hall, 127 AD3d 1324, 1326 [2015]; Flottemesch v Contreras, 100 AD3d 1227, 1229 [2012]). Contrary to defendants' further contentions, the child's injury "need not be permanent in order to constitute a serious injury" under the category of significant limitation of use (Vasquez v Almanzar, 107 AD3d 538, 539 [2013]), and Desai's affirmation adequately explained the gap in treatment (see Lipscomb v Cohen, 93 AD3d 1059, 1061 [2012]). We likewise find defendants' remaining argument, that aggravation/exacerbation of the pars defect and spondylolisthesis does not constitute a serious injury under the fracture category, lacking in merit inasmuch as Desai's affidavit sufficiently raised a material issue of fact as to this claim (see Bethea v Pacheco Auto Collision, 207 AD2d 424, 424-425 [1994]). Accordingly, Supreme Court properly denied defendants' motion for summary judgment as these categories.
Garry, P.J., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Specifically, after Supreme Court found, contrary to plaintiffs' contention, that defendants met their burden of proof with regard to Lavrinovich's claims of serious injury under the permanent consequential limitation of use and significant limitation of use categories, it dismissed said claims because plaintiffs conceded that their opposing papers failed to raise an issue of fact with respect thereto. Further, the court dismissed the child's claim of serious injury under the permanent consequential limitation of use category as plaintiffs' opposition papers raised no arguments with respect to this category and, as such, said claim was deemed abandoned.

Footnote 2: Desai notes that spondylolysis and spondylolisthesis both have a genetic basis.