Manna v Riccelli Enters., Inc. (2020 NY Slip Op 06589)





Manna v Riccelli Enters., Inc.


2020 NY Slip Op 06589


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


549 CA 19-00479

[*1]STEVEN MANNA, PLAINTIFF-RESPONDENT-APPELLANT,
v
RICCELLI ENTERPRISES, INC., DAVID BEACH, DEFENDANTS-APPELLANTS-RESPONDENTS, ET AL., DEFENDANTS. 






MELVIN & MELVIN, PLLC, SYRACUSE (SUSAN E. OTTO OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
THE WRIGHT FIRM, LLC, ROCHESTER (RON F. WRIGHT OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.


 Appeal and cross appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered February 13, 2019. The order, among other things, granted in part a motion for summary judgment by defendants Riccelli Enterprises, Inc. and David Beach and denied plaintiff's cross motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained in April 2016 when the vehicle in which he was riding as a passenger was struck from behind by a vehicle operated by defendant David Beach and owned by defendant Riccelli Enterprises, Inc. (collectively, defendants). Plaintiff alleged that, as a result of the collision, he suffered a serious injury within the meaning of Insurance Law § 5102 (d) and incurred economic loss in excess of basic economic loss within the meaning of Insurance Law
§ 5102 (a). The complaint, as amplified by the bill of particulars, seeks recovery under four categories of serious injury, i.e., the fracture, permanent loss of use, permanent consequential limitation of use, and significant limitation of use categories (see § 5102 [d]). Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) that was causally related to the accident. Plaintiff cross-moved for summary judgment seeking an order that he sustained a causally-related serious injury and economic loss in excess of basic economic loss. Supreme Court denied plaintiff's cross motion and granted defendants' motion in part, and dismissed plaintiff's claim for serious injury under the fracture category. The court was silent on the permanent loss of use category, but determined that there were questions of fact under an unpleaded claim of serious injury under the 90/180-day category, along with the permanent consequential and significant limitation of use categories. The court also determined that questions of fact precluded summary judgment on the issue whether plaintiff sustained economic loss in excess of basic economic loss. Finally, the court deemed plaintiff's amended bill of particulars a nullity inasmuch as it was served without court intervention and was merely attached to plaintiff's cross motion papers. Defendants appeal and plaintiff cross-appeals.
We note at the outset that plaintiff does not contend on his cross appeal that the court erred in deeming his amended bill of particulars a nullity and dismissing his claim of serious injury under the fracture category, and thus he has abandoned any such contention (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Consequently, our assessment of the contentions on appeal and cross appeal with respect to the serious injury categories shall focus only on the other injuries alleged in plaintiff's original bill of particulars. [*2]Furthermore, the court's failure to rule on that part of the motions addressing the permanent loss of use category is deemed a denial thereof (see Millard v City of Ogdensburg, 274 AD2d 953, 954 [4th Dept 2000]). As a final preliminary note, the court found that there were questions of fact with respect to the 90/180-day category, but plaintiff has never alleged that he sustained a serious injury under that category, and the parties did not move for any relief with respect to that category. Consequently, the court's statements in its decision with respect to the 90/180-day category of serious injury are a nullity.
Defendants contend that the court erred in denying their motion with respect to the issue of serious injury because they established as a matter of law that plaintiff's injuries were not causally related to the subject accident but, rather, to a previous accident. We reject that contention. Although defendants submitted evidence that the alleged injuries were attributable to an accident that occurred in February 2016, they failed to submit evidence establishing as a matter of law that those injuries were entirely attributable to that prior accident and were not exacerbated by the subject April 2016 accident (see Durante v Hogan, 137 AD3d 1677, 1678 [4th Dept 2016]; Benson v Lillie, 72 AD3d 1619, 1620 [4th Dept 2010]; see also Mays v Green, 165 AD3d 1619, 1620 [4th Dept 2018]). Consequently, defendants failed to meet their initial burden (see Durante, 137 AD3d at 1678).
Even assuming, arguendo, that defendants satisfied their initial burden with respect to the cause of plaintiff's injuries, we conclude that plaintiff raised a triable issue of fact by submitting the affirmation of plaintiff's treating orthopedic surgeon, who opined that the hardware used in a pre-accident surgery was damaged as a result of the subject April 2016 accident, and that plaintiff's pre-April 2016 condition, i.e., a right calcaneal fracture, was aggravated by the April 2016 accident and required, inter alia, further surgical intervention (see Taylor v Kelly, 178 AD3d 1382, 1382 [4th Dept 2019]; Mays, 165 AD3d at 1620-1621; Croisdale v Weed, 139 AD3d 1363, 1364 [4th Dept 2016]).
Our review of the record reveals that, in the proceedings before the motion court, defendants raised only one ground for the dismissal of plaintiff's claim that he sustained a serious injury within the meaning of Insurance Law § 5102 (d), i.e., that plaintiff's alleged serious injuries are not causally related to the subject April 2016 accident. Thus, defendants' current contention that the alleged injuries did not satisfy the statutory criteria for the alleged categories of serious injury is raised for the first time on appeal and is therefore not properly before us (see Ciesinski, 202 AD2d at 985).
On plaintiff's cross appeal, we conclude that the issues of fact precluding summary judgment in defendants' favor on the issue of serious injury also require denial of plaintiff's cross motion with respect to the issue of serious injury (see generally Mays, 165 AD3d at 1621).
Contrary to the contentions of defendants and plaintiff, we conclude that there are triable issues of fact whether plaintiff's alleged economic losses were caused by the accident. Thus, the court properly denied the motion and cross motion with respect to that issue (see id.). We have reviewed the remaining contentions of the parties and conclude that none warrants modification or reversal of the order.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court