Bennett v Garcia-Ramos (2025 NY Slip Op 03456)

Bennett v Garcia-Ramos

2025 NY Slip Op 03456

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND HANNAH, JJ.

370 CA 24-00332

[*1]JAMAL K. BENNETT, PLAINTIFF-RESPONDENT,
v
LUIS A. GARCIA-RAMOS AND HAMBURG OVERHEAD DOOR, INC., DEFENDANTS. 
LUIS A. GARCIA-RAMOS AND HAMBURG OVERHEAD DOOR, INC., THIRD-PARTY PLAINTIFFS-APPELLANTS,
v
JENNIFER MARIE STEELE AND MICHELLE M. STEELE, THIRD-PARTY DEFENDANTS-RESPONDENTS. 

LAW OFFICES OF GERARD E. O'CONNOR, BUFFALO (ROBERT H. FLYNN OF COUNSEL), FOR THIRD-PARTY PLAINTIFFS-APPELLANTS. 
RIVKIN RADLER LLP, NEW YORK CITY (HENRY MASCIA OF COUNSEL), FOR THIRD-PARTY DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Joseph C. Lorigo, J.), entered February 7, 2024. The order granted the motion of third-party defendants for summary judgment and dismissed the amended third-party complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the amended third-party complaint is reinstated.
Memorandum: On August 28, 2018, plaintiff allegedly sustained injuries in a motor vehicle collision in which defendant-third-party plaintiff Luis A. Garcia-Ramos was driving a vehicle owned by defendant-third-party plaintiff Hamburg Overhead Door, Inc. (collectively, defendants). On September 21, 2018, plaintiff was involved in a second motor vehicle collision in which third-party defendant Jennifer Marie Steele was driving a vehicle owned by third-party defendant Michelle M. Steele. In June 2020, plaintiff commenced this action against defendants, seeking damages for injuries he allegedly sustained in the August 2018 accident, which, according to plaintiff, required him, inter alia, to undergo a lumbar laminectomy in December 2021. According to plaintiff's bill of particulars, "[p]laintiff did not suffer any injuries in the motor vehicle collision of September 21, 2018." In December 2022, defendants commenced a third-party action against third-party defendants alleging that third-party defendants' negligence "caused and/or aggravated" plaintiff's injuries and therefore they are entitled to contribution or indemnification from third-party defendants. Defendants now appeal from an order granting third-party defendants' motion for summary judgment dismissing the amended third-party complaint. We reverse the order, deny the motion, and reinstate the amended third-party complaint.
We agree with defendants that third-party defendants failed to meet their initial burden on the motion. "[T]he issue of proximate cause may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Smart v Rivet, 126 AD3d 1474, 1475 [4th Dept 2015] [internal quotation marks omitted]). Here, in support of the motion, third-party defendants submitted, inter alia, plaintiff's deposition testimony wherein he admitted that he had told the police that he suffered a neck injury in the second accident but then later testified that the [*2]pain was "the exact same pain that [he] was in from the first accident." Thus, third-party defendants' own submissions raise issues of fact whether plaintiff's injuries were caused or exacerbated by the second collision (see Manna v Riccelli Enters., Inc., 188 AD3d 1582, 1583-1584 [4th Dept 2020]; Mays v Green, 165 AD3d 1619, 1620 [4th Dept 2018]).
Even assuming, arguendo, that third-party defendants satisfied their initial burden, we conclude that defendants raised a triable issue of fact by submitting medical evidence establishing that plaintiff presented to the hospital on the day after the second accident and told hospital staff that he had hit his head on the steering wheel when his vehicle was rear-ended and was experiencing neck and back pain, which he described as 10 out of 10 on the pain scale, as well as mild tingling in his hands, which required a number of diagnostic tests. Defendants also submitted a police accident report from the second accident, which stated that plaintiff had suffered a neck injury. Viewing the facts in the light most favorable to the non-moving party, and drawing every available inference in the non-moving party's favor, as we must (see Palumbo v Bristol-Myers Squibb Co., 158 AD3d 1182, 1183-1184 [4th Dept 2018]; Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that there are issues of fact that preclude summary judgment.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court